Parsons, C. J.
Two objections have been made to the direction of the judge, before whom this cause was tried ; — that the deed from Adams to Spaulding and Foster, not having been acknowledged nor recorded, no estate passed by it; and if any estate passed, it must have been by way of use, which was determined by the cancelling of the deed by the grantor on its redelivery to him.
The first objection was endeavored to be supported by the fourth section of the statute of 1783, c. 37, § 4. By this section it is enacted “ that all conveyances of land signed and sealed by the grantor, having right to convey, acknowledged by him before a justice of the peace, and recorded in the registry of the county where the land lies, shall be valid to pass the same, without any other act or ceremony in the law whatever ; and that no convey- [ *30 ] anee *of a freehold in, or lease for a longer term than seven years of any land, shall be good and effectual in the .aw to hold such land against any person but the grantor and his heirs, unless the deed of conveyance be acknowledged and recorded as aforesaid.”
Hence it has been argued, that the defendant’s title by execu tian depending on Adams’s deed to the debtors, he cannot be in a better situation than those debtors ; and that their deed from Adams uot being recorded, although they might hold the land against him, *25 yet they cannot hold it against Prescott, who is a purchaser under Adams.
The effect of this argument must depend on the construction of our statute of enrolments, above referred to. -A conveyance by deed of feoffment at common law must be followed by the ceremony of livery of seisin, as an act of notoriety to the freeholders of the county. To give more effectual public notice of the sale of land by deed, our statute requires the deed to be recorded ; and, as evidence to the register that the conveyance, as the deed of the party, is entitled to be registered, a justice of the peace generally must certify the acknowledgment of the grantor.
But the notice by the registry is not in all cases indispensable, where it appears, or may be presumed, that the second purchaser had knowledge of the prior conveyance. (4) This rule has been established to prevent fraud, and as applying to cases not within the intent of the statute. Thus, if a second purchaser has had notice of the prior conveyance, notice to him by recording the deed is unnecessary, and the second conveyance is fraudulent. So, if the first purchaser enter under his deed not recorded, and, while he is in the actual and open possession, the second conveyance is executed, his open and notorious possession is such presumptive evidence of his prior conveyance, that he shall hold against the second purchaser, whose deed shall be deemed fraudulent. And upon this principle the statute provides, that a purchaser by a deed not recorded shall * hold against the grantor and his heirs; [ * 31 ] because the grantor must be conusant of his own deed, and his heirs are bound by this act of their ancestor.
Upon this view of the statute, it is manifest that the estate described in the instrument of conveyance passes on the execution of the deed, and does not remain in the grantor, until the deed be registered. The evidence of notoriety resulting from the enrolment, which is substituted in the place of livery of seisin, is not required against either the grantor or his heirs, or against a second purchaser *26 having actual or presumptive notice of the former conveyance, but against him who has no such notice.
Now, from the report it appears that Prescott, Adams, and Foster, had knowledge of the conveyance by Adams to the judgment debt- or, and of the attachment of Foster’s moiety by Williams; the attempt, therefore, to defeat this attachment, by delivering up the deed to A.dams, and procuring from him a deed directly to Prescott, was a fraud on tire attaching creditor, and as to him the second deed was also fraudulent and void ; as, upon a sound analogy, the attachment must be considered as having the effect of a prior purchase, of which Prescott had notice previously to the conveyance to him.
The second objection to the judge’s direction is, that the estate, which passed by Adams’s deed to Spaulding and Foster, was determined by the cancelling that deed, as the estate passed by way of use.
It does not appear to be material, whether the estate passed di rectly, as the effect of a feoffment, or by way of use, to which the possession was transferred; if, in fact, the estate was vested in Spaulding and Foster upon their actually entering, under Adams’s deed to them, as we are satisfied it was.
The statute of uses being in force in England when our ancestors came here, they brought it with them, as an existing modification of the common law, and it has always been con- [ * 32 ] sidered a part of our law. Conveyances of lands * deriving their effect from the provisions of that statute are consequently legal in this state, as well as conveyances at common law. But by force of the statute of 1784, c. 37, conveyances by deed acknowledged and recorded, made by grantors having good right to convey, may have the effect of feoffments, without an actual entry of the grantee; and every other species of conveyance must by that statute be acknowledged and recorded, to entitle the grantee to hold the estate conveyed against any person not having actual or presumptive notice of the conveyance, or not being an heir of the grantor.
A conveyance of land by deed may here be considered as any species of conveyance necessary to effect the intent of the parties to the deed, and not repugnant to the terms of it. As, by the statute of uses, a use cannot be limited on a use, so an estate cannot by bargain and sale be conveyed to one person to the use of another, for only a use passes to the grantee ; but in this state a deed purporting to be a bargain and sale to A and his heirs, to the use of B and his heirs, has been holden, in the case of Thatcher vs. Gill, to be a feoffment, bv which A took the estate directly, and *27 not by way of use, and that the estate passed to B by way of use, by virtue of the statute of uses.
So, in this case, the conveyance by Adams to Spaulding and Foster, and their entry under it, may well be considered as having the effect of a feoffment, with respect to the grantor and his heirs, and to all persons having notice of the conveyance.
But in whatever way tire estate passed from Adams, it was a vested estate in Spaulding and Foster, and could not be divested by cancelling the deed from Adams. (5) Foster therefore continued seised of his moiety, when it was taken on the execution of Williams against him ; because the second conveyance by Adams to Prescott, being fraudulent, is void as to the attaching creditors, and because the cancelling of AdamPs first deed did not divest * Foster of his moiety conveyed by it. By the extent of [ * 33 ] the execution, the attaching creditors became seised, and the defendant might well justify his entry by their command.
We are therefore satisfied that the direction of the judge was right; and the defendant must have judgment on the verdict. (6)

 [Adams vs. Cuddy, 13 Pick. 460. — Cushing vs. Hurd, 4 Pick. 253. — McMecham vs. Griffing, 3 Pick. 149. — Warden vs. Adams, 15 Mass. 233. — Farnsworth vs. Child, 4 Mass. 634. — Davis vs. Blunt, post, 487. And an attaching creditor has been regarded in the same light as a bond fide purchaser. Sigourney vs. Learned, 10 Pick. 72. — Clark vs. Jenkins, 5 Pick. 280. — Hurd vs. Cushing & Al, 7 Pick. 169. — Priest vs. Rice, 1 Pick. 169. But why should such creditor, in the absence of fraud, acquire, by attachment, a right where his debtor had none ?
Before the Revised Statutes, by which the question is put at rest, (c. 59, § 28,) it might have been said, with some reason, that the decisions of the court, before cited, proceed upon a mistaken application of the law of courts of equity to suits at the common law. For, by the terms of the act, knowledge of the prior unrecorded con* veyance was a circumstance wholly immaterial. Doe, on dem. Robinson, vs. Alsop% 5 8. & Aid. 142. — Ed.]

 Nelthrop & Farrington vs. Dorrington, 2 Lex. 113.— Woodward vs. Aston, 1 Vent. 297. —Leech vs. Leech, 2 Ch. Rep. 100. — Lady Hudson’s Case, 2 Vern 476.

 [Bottsford vs. Morehead, 4 Con. 550. — Gilbert vs. Bulkley, 5 Con. 262. — Hatch vs. Hatch, 9 Mass. 311. — Sed vide Holbrook vs. Tirrell, 9 Pick. 106. — Commonwealth vs. Dudley, 10 Mass. 403. — Dana vs. Newhall, 10 Mass. 498. — Ed.]