BOTSFORD *against* MOREHOUSE and others.

*A.* conveyed a piece of land to *B.*, in fee-simple ; *B.* went into possession, and paid about half the purchase money, but finding himself unable to pay the residue, sent back the deed, which had not been recorded, to *A.*, to be cancelled ; *A.* went again into possession, and gave up the notes for the residue of the purchase money ; *C.*, a creditor of *B.*, then levied an execution on the land, as *B.'s* property, and brought ejectment against *A.* for it : Held, that the title did not revest in *A.*, by the return and cancellation of the deed, and that *C.* was, therefore, entitled to recover.

This was an action of ejectment for a tract of land in *New-Fairfield*, tried, on the general issue, at *Fairfield, December* term, 1822, before *Chapman,* J.; when the plaintiff obtained a verdict, and the defendants moved for a new trial, on the ground of a misdirection.

*Hamlin* and *Bissell,* in support of the motion.

*Sherman* and *Botsford,* contra.

HOSMER, Ch. J. The plaintiff brought his action of ejectment or disseisin against the defendants, for the recovery of a tract of land in *New-Fairfield ;* and the cause went to trial on the plea of *no wrong and disseisin.* The title of the plaintiff consisted in the levy of an execution on the land in question, as being the property of one *Thaddeus Hoyt.* To prove that, at the time of the levy, it did not belong to *Hoyt,* the following facts, on the part of the defendants, were made to appear. The land formerly was the property of *Thaddeus*

*Morehouse,* and was by him conveyed, in fee-simple, to *Hoyt,* who went into possession, and at length, having paid for about the one half of it, but being in failing circumstances, he sent back the deed to *Morehouse,* to be cancelled; and not long after, the notes given by *Hoyt* for the land, were returned to him. *Morehouse* again went into possession of the land; and the plaintiff, then, levied upon it the aforesaid execution.

It has not been questioned, and indeed it is unquestionable, that by virtue of the above-mentioned deed, although it was never recorded, the land demanded became vested in *Hoyt,* as an estate in fee-simple. The only question for considera-tion, is, whether by the return of the deed to *Morehouse* for cancellation, the title to the land revested in him, notwith-standing the preceding conveyance, so as to be beyond the reach of *Hoyt's* creditors.

The case presents no imaginable difficulty, so soon as the mind discriminates between the *title* to the land in question and the *evidence* originating such title. A title, as defined by Sir *Edward Coke,* is, *justa causa possidendi id quod nos-trum est;* or, the means whereby the owner of the land has the just possession of his property. *Co. Litt.* 345. *b.* The evidence of title may be very various; as by descent, by deed, by record, by devise, and by many other modes, which need not be enumerated. A deed, duly executed, is only a mode of transfer, by the operation of which the law conveys the estate; and if this instrument of conveyance becomes accidentally lost or destroyed, the title still remains perma-nent and immoveable. In *Nelthorpe & Farrington* v. *Dor-rington,* 2 *Lev.* 113. it was held, that the cancellation of an assignment did not change the right of property. So in *Woodward* v. *Aston,* 1 *Vent.* 296. the court adjudged, that an estate in an office was not of course destroyed, by the can-cellation of the deed of grant. See also *Clavering* v. *Clave-ring,* 7 *Bro. Parl. Ca.* 410. (*Toml.* ed.) In the *Law of Evidence* by Chief Baron *Gilbert,* (*p.* 109.) the doctrine is clearly and fully expressed: "Where a thing," says he, "lies in livery, a deed formerly sealed, may be given in evi-dence relating to it, though the seal be afterwards torn off; for the interest passed, by the act of livery that invests the property with the possession, and the possession that was once transferred, by the deed, doth not return back again, though the deed was cancelled; and the deed is only evidence of transferring possession," &c. "So, if the conveyance

HARVARD LAW LIBRARY

*Fairfield,*
*June,*
*1823.*

Botsford
*v.*
Morehouse.

was made by lease and release, the uses were once executed by the statute ; and they do not return back again, by cancelling the deed." In *Bolton* v. *The Bishop of Carlisle &* al. 2 *H. Bla.* 259. 263. it was said, by Lord Ch. J. *Eyre,* " I hold clearly, that the cancelling of a deed will not divest property, which has once vested, by transmutation of possession ; and I would go further, and say, that the law is the same with respect to things, which lie in grant." The same proposition was advanced, by the court, in *Jackson* d. *Simmons* v. *Chase,* 2 *Johns. Rep.* 84. ; and in *Marshall* v. *Fisk,* 6 *Mass. Rep.* 24. after having recognized the principle above stated, it was adjudged, that the cancelling of a deed, by the grantor, with the consent of the grantee, and a second conveyance to a third person having knowledge of the previous conveyance, did not defeat an intermediate attachment, by a creditor of the first grantee.

The case of *The Commonwealth* v. *Dudley,* 10 *Mass. Rep.* 403. would seem to be in contravention of the preceding principles ; but, on reflection, I am inclined to ascribe the determination to a different cause. *A.* being seised and possessed of land, purchased by him of *B.,* by a deed duly executed, but not recorded, contracts to sell the land to *C.,* and for that purpose, cancels *B.'s* deed, who, thereupon, at *A.'s* request, makes a new conveyance to *C.* It was held, that *C.'s* title was valid. That *C.* had an equitable title, a right to call for a conveyance from *A.,* I think, will not be questioned ; and in commenting upon the case of *Marshall* v. *Fisk,* before cited, it was observed by the court, that it " was the common case of an equitable title, a conveyance sufficient as between the parties." Perhaps in a state where a court of chancery, I believe, did not exist, until quite recently, equitable rights were, as between the parties, substituted, in the case above-mentioned, for those which are strictly legal. But if this conjecture is unfounded, I am constrained to consider a determination opposed to the whole current of authorities, as not evidence of the common law.

By statute, (*a*) it is enacted, that " all grants and bargains, sales and mortgages of land, shall be in writing, attested by two witnesses, and acknowledged before an assistant, commissioner or justice of the peace ;" and that no grant without these incidents, shall be accounted complete in law.

(*a*) *Stat. Conn.* 653. ed. 1808.

This act is conclusive on the subject under discussion. The land being once legally conveyed, cannot be regranted, or relinquished, except by a compliance with the preceding requisitions.

In conclusion, I am clearly of opinion, that by the return of the deed to *Morehouse* for cancellation, the title to the land did not revest in him, but remained in *Hoyt*, liable to the demands of his creditors; and of consequence, that the levy of the plaintiff's execution on the premises conferred on him a valid title.

<i>Fairfield,</i><br><i>June,</i><br>1823.<br><br>Botsford<br><i>v.</i><br>Morehouse.

The other Judges were of the same opinion.

New trial not to be granted.

