By the Court,
Lane, 0. J.
There is no doubt that Woodward expected to acquire the interest of Martha, Baehael, and Hannah, in the lots, by the deed of 1804. It is sometimes a nice matter to discriminate between an agreement to convey, and a present conveyance : but whore the parties intend to pass the title, without any further act, the law will endeavor so to interpret their proceedings as to work this effect. In this transaction the contract of sale is made, the consideration paid, and a deed is given, sealed, acknowledged and recorded, and possession of the land held under it, for more than thirty years ; by which, the parties evidently meant to pass the title. Now a deed may be held to operate in any form of conveyance that will carry into execution the lawful objects of the makers. Whether the form be feoffment, grant, bargain and sale, or release, the deed may enure as either. 6 Mass. 32 ; 4 Kent C. 2d ed. 403. An instrument in the forms requisite for a deed, if it show a consideration paid, and an immediate contract to convey, takes effect in Massachusetts, as a deed of bargain and sale, because it raises a use, which is executed by the statute of uses. 3 Mass. 573 ; 6 Mass. 24; 7 Mass. 189. This deed, ti' erefore, *123 though in form a ^release, is a substantive bargain and sale, and operates as an immediate conveyance.
It is however claimed, that the deed is inoperative to pass the wives’ estate, because it was acknowledged by the husbands only. The acknowledgement of a deed is not a part of the deed itself; it is required by law, either as evidence of execution, or as authority for registration. In deeds executed by the wife in our state, the law makes the acknowledgement the necessary evidence of the fact of sealing, and of freedom from constraint. This ceremony is adopted as a protection to married women ; but the legislature has not thought fit-to require the same solemnities in deeds executed abroad, but merely exacts a compliance with the forms required by the law of the place of execution. 1 Ch. St. 485, § 3. By the laws of Massachusetts, where these parties resided, and where this conveyance was made, we-find a deed signed by husband and wife, but acknowledged by the husband only, is an effectual transfer of the wife’s property. 6 Mass. 541; 5 Mass. 438. It seems plain, therefore, that the grantors have complied with the Massachusetts forms, sufficiently to give effect to their deed.
The rights, therefore, of Hannah, Rachael and Martha, having-passed to Woodward by the deed of the 20th Nov. 1804, before their conveyance to the lessor of the plaintiff, it only remains to examine if he acquired any title from Abigail Woodward and Ilepsibeth Foster. They were married women, parties with their husbands in the petition-, for partition. In the case heretofore decided,.8 Ohio, 87, we held their interests were not extinguished by these proceedings, but were-restored to them or their heirs, after their husbands’ deaths. They are now held by the lessor of the plaintiff, unless that portion in lot 92, was conveyed to M’Clelland. His deed was made in 1808, by Woodward and Samuel Foster, conveying lot 92. No mention of the wives is made in the granting part or in the covenants; but in the: testatum clause, the grantors, together with their wives (each of whom, relinquishes her right of dower) set their names and seals, etc., and the instrument is duly executed by all. At the time of this conveyance, each husband held half of the lot, three-eighths in his own right,, and one-eighth in right of his wife ; and the rights of the wives were-likewise two-fold, viz. a vested remainder in an eighth, and a contingent dower interest in three-eighths. The words of the deed apply to-the dower only, and it is not for us to extend them beyond their plain; *124 .•meaning. The recovery of the plaintiff is, therefore, limited to the ■two-eighths of Mrs. Woodward and Mrs. Foster.
Judgment for plaintiffs.