By the Court, Beardsley, J.
Title passed to the plaintiff by the deed from Penny to him, and it was not divested by the destruction of that deed and the execution of another by Penny *472 to Mrs. Wilson, in pursuance of the agreement between the par ties.(a)
This is not like the case of Jackson v. Chase, (2 Johns. 84,) to which we are referred. That was decided on the principle that the mortgage given by the grantee of the premises to his grantor, for the purchase money, re-invested the latter with the legal title; and as the lessors of the plaintiff, ip that case, claimed under the mortgagee, who thus had title, it was held 'that they were entitled to recover. That principle has no ap *473 plication to this case. Here the mortgage was not given to Penny, who had conveyed to the mortgagor, but to Robinson, with whose right as mortgagee, whatever that may be, the defendant is in no way connected. The defendant therefore could not set up that mortgage unless it is to be regarded as an outstanding title. Such however is not its effect. It is nothing more than a lien upon the land for the security of the mortgage debt, the mortgagor being looked upon as the legal OAvner. (Astor v. Hoyt, 5 Wend. 603, 615, 616; Jackson v. Myers, 11 id. 533, 537.)
Although the deed to Mrs. Wilson from Penny was recorded, and the one from him to the plaintiff was not, it by no means follows that the former can be sustained under the recording act. This statute was made to protect innocent purchasers against the frauds of sellers; to prevent those who once had title to land from making successive sales, and thereby defrauding one or more of the purchasers. (Jackson v. Post, 15 Wend. 588, 594; per Platt, J. in Dunham v. Dey, 15 Johns. Rep. 555, 568; 2 Sugd. On Vend. 222.) In its reason and object the statute can have no application to such a transaction as this was. Indeed, no conveyance is protected by it except one founded on a purchase of the supposed right of the grantor, but which he had previously conveyed to another person by a deed not yet placed on record and of which the purchaser had no notice. It is true, the language of one of the sections is general, that every unrecorded conveyance “ shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded.” (1 R. S. 756, § 1.) But this is not to be taken literally in favor of any and every subsequent purchaser of the same real estate, without regard to the person of whom the purchase is made. That Avould lead to absurd consequences, and the section should not receive such an interpretation. It applies to successive pinchases of the same real estate from the same seller, and must be limited to cases of that description. This is plain enough on the words and spirit of the section already referred to; but the statute *474 contains another section which declares that “every grant shall also be conclusive as against subsequent purchasers from such [i e. the same] grantor, or from his heirs claiming as such, except a subsequent purchaser, in good faith, and for a valuable consideration, who shall acquire a superior title by a conveyance that shall have been first duly recorded.” (1 R. .S. 739, § 144.) These sections being in pari materia, must be construed in reference to each other; and they leave no doubt of the sense in which both are to be understood.
The deed to Mrs. Wilson was executed upon a contract of purchase made by her husband with the plaintiff. The intent was to purchase and acquire his right and title, and not any supposed title which his grantor had. The plaintiff was then absolute owner of the land, subject to the lien of the mortgage to Robinson. It was well understood that Penny had no right to the land, nor did he pretend to have any. The bargain made between the plaintiff and defendant assumed that the former was owner: and the parties were only mistaken in supposing that the destruction of the deed to the plaintiff would re-invest Penny with his former title, so that a deed from him to Mrs. Wilson would convey the land. Here has been no fraud, but the whole difficulty has arisen from mistaking the legal effect of destroying a deed.
I am of opinion that the plaintiff has the legal title, and that judgment should be rendered in his favor upon the verdict.
Judgment for the plaintiff.

 There are a few cases, however, which hold that the- destruction of a title deed may, under certain circumstances, operate to revest the estate. Thus, where A., being seised and possessed of land under an unrecorded deed from B., contracted to sell to C., and for that purpose cancelled B.’s deed, who at A.’s request made a new conveyance to C.; held, that C.’s title was valid. (Commonwealth v. Dudley, 10 Mass. Rep. 403.) The same doctrine was recognized and acted upon in Holbrook v. Tirrell, (9 Pick. 105,) and in Tomson v. Ward, (1 New-Hampshire Rep. 9.) See also Fairar v. Farrar, (4 id. 191;) Chelsey v. Frost, (1 id. 145;) Barrett v. Thorndike, (1 Greenl. Rep. 73.)
In Farrar v. Farrar, supra, the learned judge who delivered the opinion of the court conceded “ that the cancelling of a deed does not revest property which has once passed under it” ; and, as to the cases of Tomson v. Ward, and Commonwealth v. Dudley, he observed: “ The true ground on which these decisions are to be supported is, that the grantee having voluntarily and without any misapprehension or mistake, consented to the destruction of the deed, with a view to revest the title, neither he nor any other person claiming by a title subsequently derived from him, is to be permitted to show the contents of the deed so destroyed, by parol evidence. So that in fact there being no competent evidence that the land ever passed, the title is to be considered as having always remained in the grantor.” With the exception of the above decisions, presenting it is believed a somewhat novel application of the doctrine of estoppel in pais, the general current of authority will be found in accordance with the case reported in the text. See Jackson v. Chase, (2 Johns. R. 84, 87 ;) Lewis v. Payne, (8 Cowen,. 71, 75 ;) Jackson v. Gould, (7 Wend. 364, 366;) Botsford v. Morehouse, (4 Conn. Rep. 550 ;) Gilbert v. Bulkley, (5 id. 262 ;) Coe v. Turner, (id. 86;) Marshall v. Fisk, (6 Mass. Rep. 24;) Chessman v. Whittemore, (23 Pick, 231, 234;) Anonymous, (Latch’s Rep. 226 ; Palm. Rep. 403, S. C.;) Roe v. Archbishop of York, (6 East, 86;) Bolton v. Bishop of Carlisle, (2 H. Black. 259;) Doe v. Bingham, (4 Barn. & Ald. 671;) Nelthorpe v. Dorrington, (2 Lev. 113;) Magennis v. Mac Cullough, (Gilb. Eq. Cas. 235;) Woodward v. Aston, (1 Vent. 296;) Perrott v. Permit, (14 East. 422;) Harrison v. Owen, (1 Atk. 519 ;) 1 Shop. Touch. 141, Preston's ed.; Bull. N. P. 267; 3 Preston On Abs. 103 ; Gilb. Ev. 111, 112.