# MALLORY v. STODDER.

| 6 | 801 |
|---|---|
| 122 | 517 |

| 6 | 801 |
|---|---|
| 181 | 601 |

1. A deed conveying the title to lands, is operative against the creditors of, or a subsequent purchaser or mortgagee, &c. from the grantor, from the time of its registration only, where it was not recorded within the time prescribed by the statute.

2. At the time the creditor signed and sealed a deed of trust made for his benefit, there was a blank left for the description of the property (to which his debtor, the grantor had not then a legal title,) with the understanding that it was to be filled up; if the grantor perfected his title, executed and acknowledged it, and it was duly recorded, the deed from that time became operative in favor of the *cestui que trust.*

3. The assent of the grantee to a deed *beneficial to him*, will be presumed, although it may be recorded without having been executed by him

4. Where the grantor of lands has the evidence of a legal title and is in possession, his grantee cannot be affected by any notice which the former had, of an unregistered deed to a third person from the vendor of the grantor.

5. A bill of exceptions must always be taken most strongly against the party excepting; and where it states facts which show that a person had a considerable length of time, previously become the purchaser of land, and his right to occupy it was during all that time undisputed, it will be intended against the party excepting and in favor of his adversary, that the purchaser was in possession.

6. The cancellation of a deed to land will not revest the title in the grantor, but the vendee delivers up his unregistered deed to be cancelled he places it in the power of the latter either to sell or incumber the land; and a *bona fide* purchaser or incumbrancer without notice, would have the paramount interest; and this, although he did not acquire it directly from the vendor; but from one to whom the vendee delivered the deed under a parol contract for a sale, that he might exchange it with the vendor for a deed made directly to himself.

W<span>RIT</span> of error to the Circuit Court of Jefferson.

This was an action of trespass, at the suit of the defendant in error. brought as well to try titles and recover the possession of certain tracts of land situate in the county of Jefferson, and particularly described in the declaration, as to recover damages for their occupancy. The cause was tried on the plea of "not guilty," and a verdict returned for the plaintiff, on which judgment was rendered. To revise that judgment, a writ of error has been sued to this court.

101

On the trial, the defendant excepted to the ruling of the circuit judge. It appears from the bill of exceptions, that both the plaintiff and defendant claim title under Richard Rockett, who was once the owner of the land. Mallory deduced title under a deed from Rockett to him, dated on the 21st of May, 1837, which was recorded in the office of the clerk of the county court on the 2d of March, 1840.

The plaintiff proved by one Baker that he had originally purchased the land from Rockett, and sold the same to Mallory, to whom the deed was made at his (Baker's) request It was further stated by the witness, that he afterwards purchased the land of the defendant for one thousand dollars; a part of which defendant owed him, and the remainder, from four to six hundred dollars, witness was to discharge by paying a debt amounting to that sum which defendant owed the bank The promise to pay this debt was made verbally. Upon this contract being made, Mallory delivered up to witness Rockett's deed, stating to him, that he could either have his name stricken out and witness' inserted, or he could return the deed to Rockett, and take another to the witness. Witness did not understand that there was any condition annexed to the surrender of the deed; he was then solvent, and he supposed the defendant was willing to trust him to pay the Bank debt.

A deed from Rockett to Baker, dated 10th of January, 1839, was introduced, proved and read in evidence, but it was never recorded. Baker testified that this deed was executed by Rockett after he had received from Mallory the deed to him (Mallory); and as well as he recollected, after he had surrendered the same to Rockett. Witness further testified, that after the registration of the deed of trust to Norris, Stodder & Co., which was executed as hereinafter stated, he obtained the deed from Rockett, which he (witness) had before surrendered, and returned it to Mallory, who then had the same recorded.

The deed of trust from Baker to a trustee for the benefit of Norris, Stodder & Co., was produced, proved and read to the jury. This deed was dated the 19th of February, 1839, and duly recorded in the office of the clerk of the county court on the 27th of the same month. Baker testified that this deed was executed in Mobile by N., S. & Co. before the property in question was described in it, and with a blank left for that purpose; and

Mallory v. Stodder.

before Rockett made the deed to the witness as stated above. Witness did not recollect whether he executed the deed in trust before it was completed, and whether before or after he received the conveyance from Rockett; but the acknowledgment by him and its registration were after the same were filled up and signed, and after Rockett conveyed to him. Witness further stated, that the deed in trust was executed in good faith to secure the payment of a debt which he owed the beneficiaries therein. The lands in question were sold under the trust deed, and purchased by the plaintiff for the sum of ten dollars, (which was insufficient to defray the expenses of the sale,) and he received a conveyance for the same from the trustee on the 4th of May, 1840.— Baker was informed of the conveyance from Rockett to Mallory, but there was no proof that N., S. & Co. were advised of it.

Although there was some conflict on the point, yet there was evidence tending to prove that the debt due to N., S. & Co. was contracted simultaneously with the execution of the trust deed. This debt had been collected since the sale of the land by suits against Baker and certain persons who were his sureties for its payment.

1. The court charged the jury, that if Mallory failed to have his deed recorded within six months from the time of its execution, it was void as to *bona fide* creditors and purchasers without notice; and its subsequent registration would only operate a notice from the time it was registered.

2. That if Baker knew of the deed to Mallory, and it was existing at the time of Rocket's deed to Baker, he would not be a purchaser without notice. But if Baker in good faith conveyed the land in trust to secure a debt to N., S. & Co. created at the time of making the conveyance, then the latter would be *bona fide* mortgagees for a valuable consideration, within the statute, and would not be affected by the deed to Mallory; unless they knew of its existence, or it was recorded. And that a fair purchaser at a regular sale under the trust deed would also be protected. If N., S. & Co. were creditors of Baker for a debt previously contracted, then they would not be regarded as mortgagees for a valuable consideration; but would take no greater interest in the land Baker had, and would be affected by a notice to him.

3. That if Mallory gave up his deed to Baker unconditially,

and authorized Baker to return the deed to Rockett to be cancelled and to procure a deed to himself; and if Baker, pursuant to that authority, did return the deed to Rockett, and while it was in the possession of the latter, he (Baker) obtained a deed from him, Baker's title would be a good one, and Mallory's claim would be lost, if all this took place before his (Mallory's) deed was recorded.

4. Defendant's counsel prayed the court to charge the jury, that if the debt to N., S. & Co. was secured by personal security, then they could not be regarded as mortgages for a valuable consideration within the statute, and would take no greater interest than Baker himself had. In answer to this prayer, the court instructed the jury, that if they should find that the trust deed was made to secure a pre-existing debt, then the effect of personal security would be such as the charge prayed, supposed; but it would have no effect upon the right of the *cestui que trust* if the debt was contracted simultaneously with the execution of the deed.

P. MARTIN & HUNTINGTON, for the plaintiff in error, made the following points:

1. That the delivery of the deed by Mallory to Baker and its surrender to Rockett did not divest the title of the former; and this although the deed to Mallory was not recorded; for these several parties had notice of it. [Jackson v. Page, 4 Wend. Rep. 585; Jackson v. Anderson, 4 Wend. Rep. 474; Jackson v. Stevens, 16 Johns. Rep. 110.]

2. Rockett in making the deed to Baker, acted under a parol authority from Mallory. A power to convey lands must be created by deed, and Rockett not being thus authorized, his conveyance to Baker did not pass the title as against his previous grantee. [Reed v. Van Ostrand, 1 Wend. Rep. 424. See 4 Wend 474, *supra*.]

3. The omission to register Mallory's deed cannot be taken advantage of by Baker or those claiming under him (Baker); because he had notice of it. [Jackson v. Page, *supra;* Jackson v. Post, 9 Cow. Rep. 120; Jackson v. Given, 8 Johns. Rep. 137.]

4. The deed in trust being executed before Baker obtained the deed from Rockett, it was void, even if the latter was so invested with the title that his coveyance would be operative,

Mollory v. Stodder.

W. S. MUDD, for the defendant.—1. The first charge of the court is abstract, at least so far as relates to creditors without notice. The contest is between Mallory and a *bona fide* purchaser without notice, and as applicable to such a case, the charge is unexceptionable. [Clay's Dig. 154, § 18.]

2. The law of the second charge is correctly stated, and the questions of fact relating to the *bona fides* of the dealings between Baker and N., S. & Co., and whether the latter were informed of the existence of the deed to Mallory are correctly referred to the jury

3. The third charge, if not altogether abstract, was wholly unnecessary as applied to this case. It is important whether the deed to Mallory was delivered up to Rockett for cancellation; no matter what was done with it, if it was not recorded so as to operate a notice to N., S. & Co. If the contest had been between Baker and Mallory, the question of cancellation might be *important*.

4. A cancellation of the deed in a controversy between the parties, it may be conceded, does not divest the grantee's title, if he retains possession. But the rule is otherwise, where a third person claims as a *bona fide* purchaser for a valuable consideration without notice. [Dudley v. Commonwealth, 10 Mass. Rep. 403; Bartlett v. Thorndike, 1 Greenl. Rep. 78; Holbrook v. Tirrell, 9 Pick. Rep. 105.]

COLLIER, C. J.—The act of 1823, enacts, that any deed or conveyance of land, &c. shall be void, and of no effect against a subsequent *bona fide* purchaser, or mortgagee for a valuable consideration without notice, unless the same shall be duly acknowledged or proved and certified, and lodged within six months after its execution and delivery, with the clerk of the county court of the county in which the lands, &c. are situated, for registration. [Clay's Dig. 154, § 18.] This provision is substantially re-enacted by the act of 1828, which also makes registration necessary as against creditors and purchasers. and declares, that "all deeds recorded after the expiration of six months shall be valid and operative from the date of their registration as to creditors and subsequent purchasers: *Provided*, that the same shall be valid at all times between the contracting parties thereto. [Clay's Dig. 256, § 8.]

The deed from Rocket to Mallory, can only operate against a creditor, or subsequent purchaser or mortgagee without notice, from the time it was deposited with the clerk of the county court to be recorded. If then, Messrs Norris, Stodder & Co. can be regarded in either of these characters, the conveyance under which the defendant claims can only be effectual as to them, from the second of March, 1840, when it was registered.

The fact that the deed of trust was executed in Mobile, while it was in an incomplete state, can make no difference as it respects its legal effect. That execution would be a nugatory act, and the deed would become operative from the time the grantor inserted therein, a description of the land, and acknowledged the same with a view to its registration. Before this was done, he obtained the conveyance from Rockett, according to the contract between Mallory and himself; and so far as the evidence of a legal title was necessary, he had it.

But the proof does not show that Baker did sign the deed of trust until after it was perfected, in point of form, and he had actually obtained the conveyance from Rockett. As for its execution by the trustee or *cestuis que trust*, while it was a mere blank, that is wholly unimportant. It was not necessary that they should have signed it, before it was recorded; for if the trustee had even refused to act, chancery could provide for its execution by supplying his place with a substitute; and as for the beneficiaries, their assent will be presumed, as the deed was intended for their security, without requiring the payment of an additional sum, and was *prima facie* beneficial. But if an execution by the latter were necessary, their subsequent assent to what they had previously done ineffectually, would be sufficient.

At the time then, that the deed was executed for the benefit of Norris, Stodder & Co., Baker had in his possession a formal conveyance of the title, and the deed set up by the defendant, though executed near two years previously, had never been recorded. This, it is contended, cannot prejudice its operation as against the plaintiff; for even conceding that Norris, Stodder & Co. were *bona fide* purchasers, or incumbrances, for a valuable consideration, yet they would be affected by the notice which Baker had of defendant's title. This question arose in Fenno, et al. v. Sayre & Converse, [3 Ala. Rep, 475.] There, this court said, where one acquires an interest in land, in good faith, and for a

valuable consideration, if his grantor was invested, with a legal title, evidenced by the usual writings, was himself in possession, and there was no such registry of an incumbrance as was constructive notice of its existence, he cannot be defeated by showing the invalidity of the title under which he claims. It was also said that a derivative purchaser without notice, cannot be affected by a notice to his immediate vendor, and although he purchase with notice, he may protect himself by the want of it in the latter.— Sugden, in his Treatise on Vendors, [p. 471,] thus lays down the law, "although a deed be merely voluntary or fraudulent in its creation, and voidable by a purchaser, viz: (would become void by a person purchasing the estate) yet it may become good by matter *ex post facto;* as if a man make a feoffment by covin, or without any valuable consideration, and then the first feoffer enter and make a feoffment for a valuable consideration; the feoffee of the first feoffee, shall hold the lands and not the feoffee of the first feoffor; for although the estate of the first feoffee, was in its creation, covinous or voluntary, and therefore voidable, yet when he enfeoffed a person for valuable consideration, such person shall be preferred before the last." In the case cited from our own reports, many English and American decisions are referred to, which establish the principle that "a purchaser without notice from a fraudulent purchaser, is not affected by the fraud." [See them at pages, 475–6.]

A bill of exceptions must always be taken most strongly against the party excepting; for the reason that it is supposed to be prepared by his counsel, who has stated the facts as favorably as truth will permit, to the side he represents. In the case before us, it does not expressly appear whether Baker or Mallory was in possession of the land at the time the deed of trust was made to Norris, Stodder & Co. But it is inferrable under the rule stated, that the former was in possession; the more especially as the latter had sold him the land, delivered his deed to be returned to Rockett, and received another to himself directly. This being the case, and the records of the county court showing nothing as to the state of the title between Baker and Mallory, the beneficiaries in the trust deed are not chargeable with a notice of any claim set up by the latter. In point of fact, he claimed no interest at the time of its execution, whatever might be the legal effect of the

deed he had delivered up for cancellation, as between those who had notice of it.

The view we have taken, proceeds upon the supposition, that the deed to Mallory was not cancelled or annulled by the agreement between Baker and himself, but was entitled to the effect which the law accords to unregistered deeds. In Barrett v. Thorndike, [1 Greenl. Rep. 78,] the court said they knew of two methods only, in which the grantee of lands could voluntarily divest himself of the estate which had vested in him by a conveyance; these were by a *re-conveyance* or a *will*. But they said, if the deed was not recorded, he might restore it to the grantor; and if this were done fairly, and without impairing or intending to impair the rights of third persons, the transaction would be effectual as between the parties, to revest the estate.

In Holbrook v. Tirrell, [9 Pick. Rep. 105,] the effect of the cancellation of a deed upon the title to real estate, was elaborately discussed at the bar. The court said, "that the mere cancellation of the deed under which one holds title to real estate, does not divest the title or revest it in the grantor, seems to be abundantly settled by the cases cited on the argument, and more particularly by two cases to which we have since been referred by the petitioner's counsel, namely, 4 Conn. Rep. 550; 5 id. 262."— *Further*, that by the deed to the grantee, which was not recorded, the title vested in him as against the grantor and his heirs, but was so far left in the latter, that a conveyance from him to another person, ignorant of the former deed, would pass the estate; and a creditor of the grantor might have acquired a title by a levy upon the land as his. The case cited is directly in point to show, that by the delivery of Mallory's deed to Rockett, it was placed in the power of the latter, either to sell absolutely, or incumber the land in question, and that a *bona fide* purchaser or incumbrancer, without notice, would have an interest paramount to Mallory. Now, although Norris, Stodder & Co. did not receive their deed directly from Rockett, yet we have seen that they are to be regarded with quite as much favor as if they did; and having no notice themselves of the previous conveyance to Mallory, they are unaffected by a notice to Baker.

It is needless to examine with particularity, the charges given, or prayed to be given to the jury; if in giving or refusing them, the court erred, the view we have taken of the law, will show,

that the error, if any; was beneficial for the defendant; and he cannot be allowed to avail himself of it here. The consequence is, that the judgment of the circuit court is affirmed.