## KING v. CROCHERON.

1. On the 15th June, 1843, T conveyed by deed a tract of land to G, which was duly recorded, but G did not take possession of the land. On the 30th January, 1845, G made the following indorsement on the deed: "I hereby return, and relinquish the within deed, to John M. Terry, and authorize the same to be transferred upon record. Given under my hand and seal. H. M. Grant, (seal.)" On the 24th January, 1844, T, being then in possession of the land, sold and conveyed it to C, who recorded his deed, and went into possession. A judgment being obtained against G, on the 19th December, 1845, the land was levied on, sold, and conveyed by the sheriff to the purchaser, and suit being brought to recover the land—Held, that the indorsement on the deed was, as between the parties, a concellation, but did not divest the title of G, or prevent a judgment against him, from being a lien upon the land.

2. When the record does not purport to set out all the evidence, no presumption adverse to the correctness of the judgment can be indulged.

Writ of Error to the Circuit Court of Dallas. Before the Hon. N. Cook.

TRESPASS to try title by the defendant in error. It appears from the bill of exceptions, that the defendant in error who was the plaintiff in the court below, in order to establish his title to the premises sued for, offered, and read in evidence to the jury, a deed executed by John M. Terry to him for the land in controversy, dated 24th January, 1844, which deed was duly acknowledged and recorded. He also made proof, that at the date of the deed, and for several years previous, Terry had the possession of said land, and upon the delivery of said conveyance, placed Crocheron in the peaceable possession thereof, who continued to occupy the land under said purchase to the end of the year 1846. Having proved the defendant below in possession at the time of bringing the suit, the plaintiff rested his case.

The defendant then introduced the following proof: 1. A deed from said Terry to one Hugh M. Grant, dated 15th June, 1843, conveying the same land to Grant, with covenant of warranty—the consideration alledged in the deed being five dollars. This deed was duly recorded on the 13th July, 1843. 2. That a judgment was rendered in the county court of Dallas, against said Grant, on the 19th December, 1845, in favor of J. Cole & Co. for $178 60, on which execution issued, 20th January, 1846, and was returned by the proper officer, "no property found," &c. That an alias *fi. fa.* issued 10th June, '46, and on the 26th of the same month was levied by the sheriff or Dallas county on the land in controversy, who sold the same on the 3d August, 1846, for $200, to William P. Dunham, to whom he executed a conveyance of that date, which was also read to the jury, having been duly recorded upon the acknowledgement of the grantor, on the 14th September, 1846.

The plaintiff below then made proof tending to show, that the deed from Terry to Grant was without consideration, and that Grant never took possession of the land. He also produced and read to the jury a writing, indorsed on the back of the deed from Terry to Grant as follows: "Selma, Jan'y 30, 1845. I hereby return and relinquish the within deed to John M. Terry, and authorize the same to be transferred upon record. Given under my hand and seal. (Signed,) H. M. Grant, (seal.)" It also appeared, that the plaintiff below

was in the possession of the land at the time this indorsement was made.

The defendant below requested the court to charge the jury, that the indorsement on the back of Terry's deed to Grant did not re-convey Grant's title back to Terry—that said indorsement not being recorded, even if it amounted to a re-conveyance, gave no title to Terry, or any one who may hold under him, subsequent to said re-conveyance, as against Dunham, who purchased it at sheriff's sale, as the property of Grant. The court refused this charge, and in lieu thereof charged the jury, that if the proof showed to their satisfaction, that the said indorsement upon the deed of Terry to Grant was executed and delivered by Grant, to Terry, at the time it bears date, then it would in effect be a cancellation of the deed from Terry to Grant. And in that event the fee would be vested in the plaintiff by virtue of the deed from Terry to plaintiff, made in January, 1844. At all events, no title could thereafter remain in Grant. That as to the registration—if the plaintiff's deed from Terry was duly recorded, and the plaintiff was in possession of the premises, at and before the judgment, levy and sale of the same to Dunham, then it was wholly immaterial whether said indorsement was recorded or not. The record of the plaintiff's deed, and his possession under it, was notice to all the world.

. 2. The defendant below desired the court to instruct the jury, that under all the evidence, they should find for the defendant; this charge was also refused. The said King excepting to the refusal of the court to give the charges requested, as also to the charge given, now assigns the same in this court for error.

G. W. Gayle, for plaintiff in error.

1. The court below erred in refusing to charge as requested, that under the evidence, the plaintiff in error, King, was entitled to a verdict, because he showed an outstanding paramount title in Dunham, who purchased at sheriff's sale. 1. Dunham's title is paramount, as Grant's indorsement dont reconvey the land to Terry. It is a mere cancellation of a registered deed. See Mallory v. Stoddart, 6 Ala. 801. 2. Dunham's title is paramount, because, if Grant's indorsement

is sufficient in form, &c. to reconvey the title to Terry, Crocheron being in possession under an adverse claim, the reconveyance is void, and leaves the title still in grant, subject to be sold under execution. See Dexter and Allen v. Nelson, 6 Ala. 68.

2. The court below erred in the charge referred to, because, if the paramount title is not in Dunham, it is shown to be in Terry, the original vendor. If the indorsement on Grant's deed, intending to reconvey the title to Terry, amounts to a reconveyance, the title is still in Terry, because he has made no deed to Crocheron since that conveyance, and Grant's title dont inure, because it is a quit claim. Terry's deed to Grant is a quit claim, and the re-conveyance can be no more.

3. Before Crocheron can say the deed from Terry to Grant is void for fraud, he must show—1. That he was a *bona fide* purchaser for a valuable consideration. 2. That the conveyance to Grant was made to hinder and delay creditors, or to practice a fraud upon Crocheron in the sale to him. See Clay's Dig. 254, § 2; Eddins v. Wilson, 1 Ala. 237. The record does not show that there was any proof that Crocheron was a *bona fide* purchaser for a valuable consideration; and if the record did so show, it does not show that the conveyance to Grant was to hinder and delay creditors, for it is not shown that he had any creditors. Terry's deed to Grant, then, can only be regarded as a voluntary conveyance, and even if without consideration, but duly recorded, and without fraud, is valid against a subsequent purchaser. See 1 Rawle, 231.

G. R. Evans, contra.

1. The lien of a judgment cannot attach, unless there was at the time of its rendition, or subsequently, an interest in the land in the defendant to the judgment, subject to levy and sale. Campbell v. Spence, 4 Ala. 543; Land v. Hopkins, 7 Ala. 715; Morris v. Hill, 3 Ala. 560.

2. The writing indorsed on the deed from Terry to Grant, is a re-conveyance of the premises, by Grant to Terry. The continuous possession and claim by Terry, and the possession

104

and claim by Crocheron, subsequent to his purchase from Terry, is notice to all subsequent incumbrancers, under Grant, and even if the instrument referred to was one requiring registration, the possession of Crocheron, and his vendor, Terry, was equivalent to registration. McCaskle v. Amarine, 12 Ala. 17; Burt v. Cassety, Ib. 734; Falkner v. Jones & Leith, Ib. 165; Morgan et al. v. Morgan et al. 3 Stew. 383.

3. The question raised by the plaintiff in error, upon the adverse possession, is not presented by the record. There never was any adverse possession. Grant, under whom the plaintiff in error claims, never had the possession, and never claimed it.

4. The only error specially assigned is the refusal of the court to charge as requested by the plaintiff in error, that under all the evidence, the plaintiff in error was entitled to a verdict. The bill of exceptions does not purport to set out all the evidence, and if it did, the evidence disclosed does not warrant the charge asked for. As to the other charges given and refused, they are unexceptionable, and but affirm the settled doctrines of this court.

3. The party alledging error must show affirmatively the existence of the error of which he complains. No inferences or intendments will be indulged here, in opposition to the judgment. Mallory v. Stodder, 6 Ala. 707; Knapp v. McBride & Norman, 7 Ala. 19.

CHILTON, J.—The refusal of the circuit judge to charge, that under all the evidence, the jury should find for the defendant below, cannot be revised by us, as the bill of exceptions, which must be construed most strongly against the party excepting, does not purport to set out all the proof. No presumptions or intendments adverse to the correctness of the judgment can be indulged. Morrison v. Morrison, 3 Stew. Rep. 444; McBride v. Norman, 7 Ala. Rep. 19.

Neither was any question raised in the court below upon the sufficiency, or legal effect of the deed from Terry to Grant. True, the consideration is stated in the deed to have been five dollars, and there was some proof of a negative character that that sum was not paid, but it is not shown that all the proof respecting the consideration is set out in

the record, so that we are not prepared to pronounce upon its legal effect.   The parties seem  to consider it as subsisting, and the charge of the court respects the effect of the indorsement of cancellation made upon it.   The deed to Grant, then, vesting in him whatever title Terry had, (and we will presume the title  to be a legal one, as  Terry had the actual possession at the  time  of such  conveyance,) the  land  was subject to the judgment against Grant, rendered on the 19th of December, 1845, unless it  was re-conveyed to Terry, or passed out of Grant by his writing on the back of said deed, made the 30th January, 1845.   This written indorsement on the back of the deed is in the following words:

*"Selma,* 30*th  January,* 1846.

" I hereby return  and  relinquish the within deed to John M. Terry, and authorize  the same to be transferred upon record.   Given under my hand and seal.

H. M. GRANT, [seal.]"

It is shown by the bill  of exceptions, that at the time of the execution of this writing, the plaintiff below had possession of the land, under his deed, containing full covenants of warranty from Terry. ' The  case turns upon the  effect of this transfer ; for if it did  not divest Grant of title, Dunham acquired it by his  purchase under  the sheriff's sale.   The instrument contains no  words by  which the title can pass, but is merely a " return and relinquishment of the deed," and an authority to make a similar transfer upon the record where it is registered.   This is doubtless, as between the parties to the instrument, a cancellation of the deed ; but does it divest Grant of title, so as to prevent the lien of a judgment subsequently acquired, from attaching ?   There are some authorities which hold that the destruction of  a title deed operates so as to re-vest the title in the grantor in the estate.   In Commonwealth v. Dudley, 10 Mass. Rep. 403, it is held, that a grantee, holding an  unrecorded  deed, and who sells to a third party, may cancel his  conveyance  by an arrangement with his grantor, and thus render effectual a subsequent conveyance made by his grantor to such  third  party at his request.   To the same  effect is  Holbrook v. Terrill, 9 Pick. Rep. 105 ;  Thompson v. Ward, 1 N. Hampshire Rep. 9 ; Ib. 145 ;  4 Ib. 191; Barrett v. Thorndike, 1 Greenl. Rep. 73.

On the other hand, this court has held that the cancellation of the deed will not re-vest the title in the grantor, and this doctrine seems to be sustained by the weight of authority, both in this country and in England. See Mallory v. Stodder, 6 Ala. Rep. 801; Botsford v. Morehouse et al. 4 Conn. Rep. 550; Coe et al. v. Turner and wife, 5 Conn. Rep. 86; Gilbert v. Bulkley, Ib. 262; Jackson v. Gould, 7 Wend. R. 364; Co. Litt. 225, b.; Jackson v. Chase, 2 Johns. Rep. 84; Lewis v. Payne, 8 Cow. Rep. 71; Marshall v. Fisk, 6 Mass. Rep. 24; Chessman v. Whittemore, 23 Pick. Rep. 231; Roe v. Archbishop of York, 6 East, 86; Bolton v. Bishop of Carlisle, 2 H. Black. 259; Doe v. Bingham, 4 B. & Ald. 671; Rayner v. Wilson, 6 Hill's Rep. 469, 472, note a, where the authorities are collected; Morgan v. Elam, 4 Yerg. R. 375.

We come, then, to the conclusion, that the title was not divested by the cancellation of the deed, and remaining in Grant, it was subject to be levied upon and sold for his debts. The deed having been duly registered, was notice to the plaintiff, who took a subsequent deed from Terry, and the fact that possession was never transferred to Grant, can make no difference, as our statute of uses renders the deed effectual without livery of seizin. Clay's Dig. 156, § 35. It results from what we have said, that the circuit court having refused to charge the jury, that the indorsement on the back of Terry's deed to Grant did not re-convey Grant's title back to Terry, committed an error, for which, the judgment must be reversed, and the cause is remanded.