## MITCHELL *vs.* COWSERT AND WIFE.

1. In detinue by husband and wife jointly, when the record shows such title in the wife as would vest a chose in action absolutely in the husband, and is silent as to the time of the wrongful taking and detainer by the defendant, the

Appellate Court will presume in favor of the correctness of the judgment of the court below, that the proof showed such unlawful taking and detainer to have been before the marriage.

ERROR to the Circuit of Pickens.

Tried before the Hon. William R. Smith.

This was an action of DETINUE. brought by the defendants in error, Cowsert and wife, against Mitchell. They sue and declare in their joint name for the slave in controversy. The parties went to trial, on the general issue and the statute of limitations.

In the bill of exceptions, it is stated that the plaintiffs below, Cowsert and wife, "claimed the negro by virtue of an alleged gift by the grandmother of the wife, before her marriage, in the State of South Carolina." The parties married there, in 1835, and now reside there. "They also relied," says the bill of exceptions, "on a deed from the said grandmother to the wife, conveying to her the said slave, about the 5th January, 1850. There was no pretence or proof of any separate estate in the said Martha, in or to the said negro." These are all the material statements of the bill of exceptions.

The counsel for the defendant below asked the court to charge the jury, that the plaintiffs had improperly joined in bringing this action, and that therefore it could not be maintained. This charge the court refused to give, and the refusal of the court is assigned for error.

HUNTINGTON, for plaintiff in error.

This action is *detinue;* and it is held, that if a man detain the goods of a *feme covert,* which came to his hands before marriage, the husband can only bring detinue, because the law transfers the property to the husband; but both shall join in trover, because the wrong originally commenced when the wife was *sole;* and if such injury be punished, the wife herself, who received the injury, must be party to the action; but even then, if the possession be laid in both (as in the case at bar) it is ill, because if both were possessed, the law will transfer, in point of ownership, the whole interest to the husband. So, if goods come into possession of a *feme covert* be-

fore marriage, detinue lies against the husband only, but *trover* against both, because both are concerned in the trespass. Bac. Abr. *Detinue*, A. To the same effect is Draper v. Fulkes, Yelv. 165, 166; Nelthrop v. Anderson, 1 Salk. 113; Wilbraham v. Snow, 2 Saunders' Rep. 135, where it is also held, that if the wife joins, the declaration must state that the wife, while she was *sole*, lost the goods, that the plaintiff intermarried, and the defendant, after the marriage, converted them. See, also, Buller's N. P. 50. In Whittingham v. Broderick, cited in note to Nelthrop v. Anderson, 1 Salk. 113, it was held, that baron and feme in replevin might join for taking their goods; but it is evident that this was owing to the peculiar nature of the action, and the fact that the avowry admitted the joint ownership. Here, however, the plea put in issue the whole declaration.

J. L. MARTIN, and HALE, for defendants.

1. A bill of exceptions will be taken most strongly against the party excepting. 5 Ala. Rep. 258; 6 Ala. Rep. 801.

And every intendment, compatible with the facts stated in the bill of exceptions, will be made to sustain the ruling of the court below; and a party complaining of the refusal of the court to give a charge, must set out in the bill of exceptions a state of facts that authorized him to ask it. 17 Ala. Rep. 249.

2. If the slave in question was held adversely at the time of the marriage of Cowsert, and was never reduced to possession after marriage, then the parties properly joined in this action, and there is nothing in the bill of exceptions adverse to this view. 8 Porter, 242, and cases there cited; Broome v. King Adm'r 10 Ala. 819; 2 Haywood, 300; 4 Bibb, 174; or if the only valid title of the plaintiffs below was under the deed of 1850, then, under the law for the protection of married women, the wife took a separate interest in the slave, and was properly joined with her husband. 12 Smedes & M. 347.

PHELAN, J.—When the record does not purport to set out all the evidence, no presumption adverse to the correctness of the judgment can be indulged. King v. Crocheron, 14 Ala. Rep. 822. The bill of exceptions in this case does not profess to set out the whole of the evidence.

A bill of exceptions must always be taken most strongly against the party excepting. Mallory v. Stodder, 6 Ala. Rep. 801. For any thing that appears by this bill of exceptions, it was shown on the trial in the court below, that there was both a wrongful taking and an unlawful detainer of the slave in controversy by the defendant below before the marriage of the plaintiffs, and that consequently, at the time of the marriage, nothing remained to the wife but a *chose in action*, or right to recover by suit her property, which had been wrongfully taken and detained before marriage. That in such a case, husband and wife must join in the action for the recovery of the chattel, is too well established to admit of controversy.

Whether the plaintiffs derived title from the gift by the grandmother before the marriage, or by the deed of 1850, does not affect the decision of the case, under the state of facts supposed in reference to the taking and detention of the slave, and as such a presumption may properly be indulged in favor of the judgment, we must hold that there was no error in refusing the charge asked by the defendant below.

The judgment below is affirmed.