ANNETTE F. DUDLEY, Petitioner, *vs.* J. W. NICKERSON.

Waldo.    Opinion June 30, 1910.

*Deeds.   Delivery.   Detention of Deed by Grantor.   Rights of Grantee's Creditors.*

Where, while a grantee was at the home of the grantor, she told him to hand her a tin box where she kept her papers, and handed him the deed therefrom, saying that she might as well give it to him then, she having held it until that time, because the grantee was in debt and there might be an attachment put on the farm, and the grantee said that he was in debt more than ever, and that she had better hold the deed longer, and that he did not want during her life to have an attachment put on the farm, whereupon she took the deed and put it back in her box which she kept, and he visited her three of four weeks before she died, when she told him that she was going to give him the deed before he went home, and that she wanted him to take it before he went and he left without taking it, *held* that there was no delivery of the deed.

Neither the retention of a deed by the grantor nor its surrender by the grantee to the grantor after a valid delivery will defeat the right of the grantee's creditors to attach the property conveyed.

While delivery of a deed may be inferred from the acts or words of the grantor and grantee, such acts and words must be construed in the light of the object sought to be accomplished and, in making such construction, the presumption that the law is known is not to be disregarded.

On report.    Judgment for partition.

Petition for partition of certain real estate in Swanville which the plaintiff claimed to own in common and undivided with the defendant.    The defendant filed an answer which, omitting formal parts, is as follows:

"Now comes the defendant, J. W. Nickerson, by Dunton & Morse his attorneys and says that partition ought not to be made of the real estate described in plaintiff's petition, because, he says that the said petitioner, Annette F. Dudley, is not seized in fee simple and as tenent in common of and in said real estate, and is not the owner of one undivided half part or any part thereof with this defendant but that this defendant, J. W. Nickerson, is seized in fee simple of the whole of the real estate described in said petition.

"Wherefore he prays judgment that said petition may be dismissed and for his costs."

At the conclusion of the evidence the case was reported to the Law Court for determination with the following stipulation: "If the Law Court find that there was a legal and valid delivery of the deed from Laura C. Thurston to James W. Nickerson, the petition for partition is to be dismissed with costs, otherwise judgment for partition is to be rendered."

The case is stated in the opinion.

*Thompson & Blanchard*, for plaintiff.

*Dunton & Morse*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, CORNISH, KING, BIRD, JJ.

BIRD, J. This petition is brought for the partition of a parcel of land in Swanville, which petitioner claims is owned in common and undivided by herself and defendant as residuary legatees under the last will and testament of Laura C. Thurston, who died on the thirteenth day of September, 1905. Defendant resists partition, alleging seizin in himself of the whole of the parcel, and, in support of his contention, relies upon the deed of said Thurston which he claims was executed, acknowledged and delivered to him by her during her lifetime. The petitioner, while not contesting the execution and acknowledgment of the deed, denies delivery.

The case is before this court upon report wherein it is stipulated that if we find that there was legal and valid delivery of the deed, the petition is to be dismissed, otherwise judgment for partition is to be rendered.

It appears from the record that subsequently to the execution of her will, which bears the date of January 19, 1901, Laura C. Thurston caused to be made a warranty deed of the parcel of land which she executed and acknowledged on the twentieth day of May, 1903. This it is equally apparent was in accordance with her desire expressed both before and after the execution of the deed to make a gift of the land to her brother, the defendant. After her decease,

the deed was found in a box of deceased with other papers. Whether it was delivered or not depends wholly upon the evidence of the defendant.

He testifies that, in June or July of the year 1905, he was at her home and that she told him to hand her the tin box she kept her papers in which he did; that she opened the box and took out the deed and said "I might as well give you this deed now; by what they say you are capable of holding it;" that she gave him the deed which he took and looked over; that her reason for having held it so long was that he was in debt and there might be an attachment put on the farm and that he told her he was in debt more than he ever was; that he told her he couldn't find words to express himself but was very thankful; that in the talk he thought perhaps she had better hold it longer; that he knew he was in debt and, if his creditors should force him then, they would have to take the place; that he didn't have real estate enough to pay his debts and didn't want while she lived to have an attachment put on the farm and that she had better hold it longer; that she took the deed and put it back in her box and put the latter on the writing desk.

He visited her again some three or four weeks before she died and testifies that she told him in the morning she was going to give him that deed before he went home and in the afternoon, when he left there, she wanted to know if he was going home that night and he told her he expected to; that she said "You are coming back before you go?" and, on his replying in the affirmative, she said "I want you to take that deed before you go." He did not return before her death.

Upon this evidence we are forced to conclude that there was no delivery. It is evident that it was the intent, in June or July, 1905, of both grantor and grantee that, in view of the financial embarrassment of the latter, the title should not then pass and the property be exposed to attachment by creditors of grantee. Neither retention of the deed by the grantor nor its surrender by the grantee to the grantor after a valid delivery could defeat the attachment of creditors (*Marshall* v. *Fisk*, 6 Mass. 24, 32) and, while delivery undoubtedly may be inferred from the acts or words of the grantor and grantee,

such acts and words must be construed in the light of the object which the parties are seeking to accomplish and, in making such construction, the presumption that the law is known is not .to be disregarded.

The testimony of the witnesses as to deceased's intent to give the farm to her brother and to give him the deed are indicative not of a perfected gift but of a purpose to make one.

The evidence does not overcome the presumption of non-delivery arising from the retention of the deed by the grantor during her lifetime; *Patterson* v. *Snell*, 67 Maine, 559, 561.

In accordance with the agreement of the parties, there must be,

*Judgment for partition.*