## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT,

### IN THE

## COUNTY OF BARNSTABLE, OCTOBER TERM, 1804, AT BARNSTABLE.

---

### THE PROPRIETORS OF MONUMOI GREAT BEACH *versus* ROGERS.

Under the act of Feb. 9, 1789, (*stat.* 1788, *c.* 47,) the administrator of a person who has died pending a writ of review brought on a judgment rendered against him for damages in an action of trespass *qua. clau. freg.* may come in and prosecute the review. In *such* action, the defendant may, under the general issue, give in evidence soil and freehold in himself. Warrant of a *justice* for calling a meeting of *proprietors* 20 years since, must be proved; need not be where the first meeting was 70 years ago. The precise time beyond which it is not necessary to prove the warrant does not seem to be settled. Proprietary book, appearing by the minutes made in it to have commenced 70 years ago, admitted in evidence without being proved by the *clerk* of the proprietors. *Such* corporations *may* prove corporate possession otherwise than by corporate acts.

THIS was an action of trespass, *quare clausum fregit,* brought by the plaintiffs against *Rogers,* in which it was alleged that the defendant, on the 20th of July, 1800, and on divers days and times between that day and the 20th of August then next ensuing, broke and entered the close of the plaintiffs, (*described and bounded,*) and carried away their hay, &c.

The defendant pleaded not guilty, reserving liberty to give any special matter in evidence, as though the same had been specially pleaded in justification; and the plaintiffs, by their *agent,* consenting to the reservation, joined the issue.

[ * **160** ] *Upon the trial, the jury found a verdict for the plaintiffs, and assessed damages at 100 dollars; and there was judgment accordingly, and for costs.

_Rogers_ sued out his writ of review upon that judgment, which was duly served on the proprietors, and entered at a former term of this Court.

_Rogers_ had died since the last continuance, and the _Attorney-General_, (_Sullivan_,) on the first day of the present term, moved that his death might be suggested on the record, and that his administrator might come into court and take upon himself the defence of the action, by prosecuting the writ of review. The Court directed the suggestion to be entered, and took time to consider as to the other part of the motion. And on the second day of the term, STRONG, J., said the Court were unanimously of opinion that the 3_d_ sect. _of the act passed Feb._ 4, 1789, (_stat._ 1788, _c._ 47,) authorized the administrator to come in and defend this action; that is, to prosecute the writ of review.

The Court inquired of the counsel for the defendant what was intended to be given in evidence under the reservation in the plea; the counsel answered nothing except soil and freehold in the defendant. This the Court said might always be given in evidence upon the plea of not guilty; but as this was a _review_, in which, by the express words of the statute _passed Feb._ 26, 1787, (_stat._ 1786, _c._ 66,) the action is to be tried upon the issue originally joined between the parties, they could not interfere so as to direct any alteration in the pleadings. In this case, an old paper book purporting to be the book of records of the proprietors, and containing minutes of their votes and proceedings from the year 1729 to 1756 both inclusive, was produced and offered in evidence by the counsel for the plaintiffs; to which it was objected that there was no evidence of its being their book of records, as no warrant [ * **161** ] from a justice of the peace for calling their *first meeting was produced, nor any such warrant entered or minuted in the book. The counsel for the plaintiffs then moved that a person, who, they said, was the _present clerk_ of the proprietors, might be sworn as a witness to prove it to be their book of records; but it appearing that there had been no meetings of the proprietors from the year 1756 to 1783, in which year, as the plaintiffs' counsel said, a meeting of the proprietors was called by a warrant from a justice of the peace, the _former clerk_ being then dead, and which warrant they could not produce; the Court held there was no evidence that the person offered as a witness was in fact clerk of the proprietors; that the book kept since that time could not of itself

evidence that fact ; for, in a transaction so recent, the plaintiffs should be holden to produce the warrant from the justice.

The plaintiffs then proved, by another witness, that, more than fifty years since, he was present at a meeting of the proprietors, at which time one *Kendrick* was *clerk ;* and, upon examination of the book, it appearing that at that time a person of that name was *clerk*, the Court unanimously ruled that the appearance of the book, coupled with such evidence, was sufficient, and admitted it.   They said that they would not, in a transaction which took place more than seventy years since, require the production of the warrant from a justice of the peace to prove the legality of the first proprietary meeting.

As the plaintiffs could not prove any of their corporate acts since the year 1756, for want of the warrant of the justice for calling a meeting of the proprietors in the year 1783, they offered to prove, by the testimony of witnesses, that individuals claiming under the original proprietors, and who were actually proprietors, had entered into the *locus in quo*, and set out grass, &c., as evidence of * the possession of the corporation at the time of the  [ * **162** ] trespass alleged.

This species of evidence was objected to on the ground that the possession of a corporation must be proved by corporate acts ; and therefore, to prove an entry by an individual, so as to make it enure to the benefit of the corporation, the plaintiffs must show by the records of the corporation, and cannot show it in any other way, that such individual was the agent of the corporation for that purpose.   That the evidence offered would be proper and pertinent where tenants in common bring an action at common law for an injury done to their possession, there could be no doubt ; because the entry and possession of one is to be considered as the entry and possession of all the tenants in common.   But in this case, the plaintiffs proceed under the statutes ; they sue, in their corporate right, for an injury, as they allege, to their corporate possession, and consequently must prove *that* possession by corporate acts.

Thacher, J.   Where one tenant in common does an act which at common law is for the benefit of the whole, the same act will have the like operation and effect as it respects this species of corporation.   The powers of proprietors of common and undivided lands are not abridged, but enlarged, by the statutes.   I am therefore for admitting the evidence.

Sewall, J.   The question is, whether the acts of individuals claiming under the ancient proprietors, where there does not appear to have been any meetings, any corporate acts of the proprietors since the year 1756, can be given in evidence so as to support this action of trespass upon the possession of the proprietors, as such

123

I think not. Corporate possession can be proved only by corporate acts; those acts can be proved by nothing but their [ * 168 ] records. No corporation can claim or have * any advantage or benefit from the act of an individual, unless they make the act their own by some recognition. Here is no corporate act after the year 1756, which is more than forty years previous to commencing the present action—a time much beyond the time within which the proprietors, as such, could have maintained an action for the land itself. If the names of all the proprietors had been inserted in the writ, as at common law, the defendant could have come prepared to answer; but if, upon a corporate action, the defendant is to defend as at common law, he loses the advantage of knowing against whom he is to make his defence. I think, therefore, that the evidence ought not to be admitted.

SEDGWICK, J. In this case, the plaintiffs have appeared by their *agent*; and the defendant has pleaded the general issue. He is now estopped to say there is not such a propriety; and he is also estopped to say there is no agent; thus far the estoppel. It appearing then of record that there is such a corporation as named and described in the writ and declaration, the question is, whether the plaintiffs shall be admitted to prove the acts of individuals claiming to be, and actually being, proprietors, to show the possession of the plaintiffs at the time of the trespass alleged. From the year 1729 to 1756, there is evidence that the proprietors acted as a corporation; no evidence of any corporate acts since that time. And the evidence offered is objected to because it does not appear that these acts of individuals were, or have become, the acts of the proprietors, as proprietors. I think it competent for the plaintiffs to go into the evidence; but I will not be bound by an opinion now suddenly delivered. I think that proprietors, when they sue as such by their corporate name, are in the same situation, as to the rights of evidence and proof, as though the same proprietors, [ * 164 ] *A, B,* * *C,* &c., had sued in their joint names, as at common law, for a trespass to their common property; and that the statutes do not abridge their rights, but enable them to act, in certain instances, as a corporation, and to sue as such. At common law, if a tenant in common enter and occupy, it is considered as the entry and occupation of the whole. The legislature has not declared that, when they incorporate, this common law principle shall be considered as taken away; and without such express declaration, I think it ought not to be supposed. An implication so unreasonable, so contrary to equity and justice, ought not to be made. I am for admitting the evidence.

STRONG, J. (after stating the question.) The existence of the

corporation cannot *now* be called in question by the defendant.  **He** has pleaded to the action.　Nor can the authority of the agent be *now* disputed.

The plaintiffs must prove their possession to the time of the trespass committed.　To show this, they offer to prove that one of the proprietors entered and set out grass, &c., in the *locus in quo.* The objection is, that it does not appear he entered by any order of the proprietors, as such.　This is a species of corporation different from corporations in general ; *this* is intended to *die ; those* to *live* forever.　I make these observations to show that common law rules, as to corporations in general, do not apply, in all instances, to this kind of corporation.　The statutes take away no rights from the individuals composing such a corporation, which, as tenants in common, they had before they were incorporated, but, on the contrary, give them new powers.　They can now sue by a corporate name, and need not, as at common law, name each individual in the writ.　The common law principle of entry, &c., is not contested by the defendant's counsel.　The same principle must apply * after [ * **165** ] they have incorporated themselves.　Whenever individuals are seised, as tenants in common, in their own several rights, they are, in the manner pointed out by law, authorized to incorporate for the purposes and with the powers expressed in the statutes ; and are, by such an incorporation, seised as a corporation ; and *that* without any corporate act done.　It cannot, then, with the least appearance of reason, be contended, that the very circumstance which entitles tenants in common to become incorporated, should leave them precisely as before, instead of giving them a corporate seisin and possession.　I therefore think that the plaintiffs are entitled to the evidence offered.

*B. Whitman,* for the plaintiffs.

The *Attorney-General* (*Sullivan*) and *Thomas* for the defendant. (1)

---

(1) In *Thayer* vs. *Bond,* post, vol. iii. 296, it was decided that, where a plaintiff in review dies pending the review, the original action being case for special damage arising from a common nuisance, the administrator cannot come in to prosecute the review. The Court proceeded entirely upon the distinction between cases in which the cause of action does, and those in which it does not survive, deciding that in the former an executor or administrator might, and in the latter could not, be admitted to prosecute. In *Thayer* and *Bond, Sedgwick,* J., states that, in the principal case, (*Monumoi* vs. *Rogers,*) the cause of action survived.　This, it is presumed, was on account of the asportation of the hay.