PAUL DOLE *vs.* SAMUEL THURLOW.

When an objection is made, at a trial, to the competency of a witness, on the ground of interest, the decision of the judge on the question of fact is conclusive, unless he sees fit to report the evidence for the consideration of the whole court.

On a trial, in which the question was, whether A. had conveyed certain land to B., it was agreed that a paper concerning the land, viz., either a deed or a bond for a deed, had passed from A. to B.: One witness testified that he saw a deed, and another that he saw a bond, from A. to B., in B.'s hands; but it did not appear that the witnesses saw the paper at the same time: The judge, in his charge to the jury, suggested that the testimony of the latter witness might be true, and yet that a deed might have passed from A. to B., at another time; which would recon-cile the testimony of the two witnesses. *Held,* that this was not the assumption by the judge, of a fact of which there was no proof, but was a proper comment on the evidence, and not a ground of exception.

A deed conveying land, if duly delivered, though not acknowledged nor recorded, passes the estate presently, and is a valid conveyance, as against the grantor, since the revised statutes as well as before.

Attesting witnesses are not, by the common law or by the revised statutes, neces-sary to the validity of a deed for the conveyance of land.

If a party, at the trial of a cause, does not make a question as to a certain fact, and present it to the jury, his request to the judge, after the argument is closed, to instruct the jury as to the law which would arise upon such fact, comes too late, and the refusal of his request is no ground of exception: But upon such party's petition for a new trial, the court may receive evidence of what passed at the trial; and if they are satisfied that evidence was given upon which the jury might have found such fact, and are also satisfied that the party intended to make such fact a point in his case, the court may grant a new trial, provided such fact, if proved, would change the result of the case.

WRIT OF ENTRY. Trial before *Hubbard*, J. who made a report thereof, which sufficiently appears in the opinion of the court.

---

The case was argued at the last November term.

*Hallett,* for the tenant.

*N. J. Lord,* for the demandant.

SHAW, C. J.   This cause was tried at Ipswich, in 1845, and several questions of law were reserved on a report of the judge. It involved the question of title to a parcel of land in George-town in this county.   The demandant claimed title under a sale, made by the assignee of a bankrupt; and the question was, whether the bankrupt had acquired such title to the land, that an assignee could sell it for the benefit of his creditors. The bankrupt law of 1841 enables creditors to avail them-selves, through a sale made by the assignee, of all the real estate to which the bankrupt had a right or title, or which, by law, is liable, in any form, to be taken and appropriated to the payment of debts.

The case, as it appears upon the report, was this : William S. Hilliard became bankrupt in December 1842.   Jeremiah Russell was duly appointed his assignee, and in due form sold and conveyed the estate to Dole, the demandant.   It was conceded, that in 1835 Thurlow, the tenant, had title to the land ; and the demandant contended that, in that year, Thur-low, by a deed to Hilliard, not recorded, but sufficient to pass the estate, as against the grantor and his heirs, conveyed the estate to Hilliard.   No such deed was produced ; but the demandant offered parol evidence to prove its execution and contents.

On the contrary, the tenant denied that any such deed was ever executed.   But he stated that he executed and delivered to said Hilliard a bond, conditioned to convey the estate to Hilliard, upon the payment of his note then given ; that after-wards, the note was given up unpaid, and the bond cancelled ; that much of the evidence, relied on by the demandant to

removed therefrom after the commencement of the action.   At the first term, he filed a disclaimer.

THE COURT held, that the action could not be maintained.

*N. Morton,* for the demandants.

*Pratt,* for the tenant.

prove a conveyance, applied to such executory contract; and that no instrument was ever executed, transferring the title, or otherwise affecting the estate. Neither bond nor deed was produced; and there was much conflicting evidence, upon which the question went to the jury.

1. The first question was as to the competency of a witness. William Porter, a witness called by the demandant, was objected to, as interested, on the ground that he was a creditor to the estate of the bankrupt. The witness was examined on the *voir dire*, and the result left it doubtful whether he had any balance against the bankrupt or not. He had made no claim. He was admitted, and testified, which is objected to.

In the first place, if he had a balance due from the bankrupt, it is doubtful whether he was interested. To render a witness incompetent, he must be interested, not in the question or the subject merely, but in the event of the suit. If the assignee sold the interest of the bankrupt in the estate, without warranty or fraud, and received payment, I know not what recourse the purchaser would have upon the assignee, in case of failure of title. Besides; unless there were other facts, which do not appear in the case, the judgment in this case would be *res inter alios*, and would not be admissible as evidence in a suit by the purchaser, against the assignee, to recover back the purchase money. But the ground, on which we think the objection to the competency of the witness must be overruled, is this: In every question of the competency of a witness on the ground of interest, there is a question of law and a question of fact, on both of which the judge at *nisi prius* must decide. Upon the question of fact, his decision is conclusive, unless, upon satisfactory considerations, he may think it proper to report the whole evidence, and reserve the question for the whole court, when perhaps the merits of the case may depend on it. In the present case, we consider the decision of the judge, on the question of fact, conclusive.

2. Another exception taken by the tenant was, that the

judge, in his charge to the jury, assumed a fact, of which there had been no proof, by which the jury may have been misled. It being conceded that some paper had passed from Thurlow to Hilliard, respecting this land, the great contest between the parties was, whether it was an executory or an executed contract ; a contract stipulating to convey the land on certain terms, or a deed conveying the land. Porter, a witness called by the demandant, testified that the instrument which he saw in Hilliard's hands was a deed ; and Dorman, a witness, called by the tenant, testified that the paper which he saw in Hilliard's hands was a bond ; and one question was, which was most entitled to belief. The judge, in his charge to the jury, suggested that the testimony of Dorman might be true, and that another paper might have passed from the tenant to Hilliard at another time, which might reconcile the testimony of the witnesses. It was objected, that this was an assumption, without any proof, that some other instrument had been so given ; which may have misled the jury.

It appears that this suggestion did not assume the truth of any fact, of which there was no evidence ; but, on the contrary, it was a proper and just comment on the evidence, as it existed. When the testimony of two witnesses to a fact is directly contradictory, both cannot be believed, and one must be rejected. But if both statements may be true, and they are not directly conflicting, the jury are not bound to reject either, though upon the whole evidence they may do so. And juries are usually informed, that when testimony is apparently conflicting, if it can be reconciled, and both witnesses can be believed consistently with the whole testimony, it is their duty rather to believe both, than to impute perjury to either. It is merely carrying out the obvious rule, that *prima facie* a competent witness is entitled to credit. Commonly, testimony is directly contradictory, when one witness affirms and the other denies the same proposition of fact, each professing to speak from knowledge. When each makes an affirmative proposition, they may or may not be conflicting,

according to the terms of such proposition. If these two witnesses had testified that they were together; that they saw a paper delivered; that they successively examined it at the time, and, supposing they knew the distinction between a bond and a deed, one should affirm that it was a deed, and the other that it was a bond; though both propositions were affirmative, they would be directly contradictory. The evidence then would prove the identity of the paper, and show that the witnesses spoke *ad idem*. If it were a bond, the same paper could not be a deed, and affirming the one would be denying the other. But if they spoke of a paper not thus identified, both might be true.

But we do not understand from the case, that the witnesses testified of seeing the paper, of which they speak, at the same time or place, or that there was other evidence conclusively to identify it. One saw an instrument in the hands of Hilliard, or delivered by the tenant to Hilliard, and testified that it was a bond; the other saw an instrument in the hands of Hilliard, and testified that it was a deed. Without proof that it was the same paper, both might be true. It seems to us, that the objection rests upon the assumption of a fact not proved, namely, the identity of the paper testified of by the witnesses respectively; whereas it rested on a slight presumption only, that a paper proved to have been executed by the defendant, and delivered to Hilliard, was the same with a paper similarly executed, and afterwards seen in the possession of Hilliard.

As to the suggestion, that the charge assumed the truth of a fact of which there was no proof, viz. that of the execution and delivery of another instrument at another time, the objection seems to us not well founded. The testimony of both of these witnesses was competent evidence. One testified that one instrument was executed and delivered at one time, of a specific tenor and character; the other testified that an instrument, duly executed by the same person, was in the possession of the same grantee, and was of a different tenor and character, and of course a different instrument. It was,

therefore, evidence from which the jury might infer, and, if they believed it, must infer, that another paper, at another time, did pass from the tenant to Hilliard. The possession of a deed by a grantee is good proof of delivery. There was, then, proof bearing on the fact, for the consideration of the jury. The suggestion of the judge, therefore, in submitting the case to the jury, under the various views and aspects of which the proofs would admit, was a proper comment upon the case as it stood, and embraced no unwarranted assumption of any fact.

3. Another question raised on the report was as to the decision of the judge, that by force of a deed duly delivered, but not acknowledged or recorded, the estate passed presently, and was a valid conveyance, as against the grantor. This being a suit against the grantor himself, such a deed, if the direction was right, was sufficient to pass the title to the grantee.

The court are of opinion, that this direction was right, and that the deed was sufficient to pass the land, from the tenant, the grantor, to Hilliard, although it was not recorded nor acknowledged. This precise point was decided in an early case, and, it is believed, has ever since been regarded as the settled law. *Marshall* v. *Fisk*, 6 Mass. 24. See also *Lessee of Sicard* v. *Davis*, 6 Pet. 136.

But it is argued, that although such was the correct construction of the old statute, yet this was altered by the Rev. Sts. *c.* 59. The first section of this chapter provides, that conveyances of land may be made by deed executed by any person having authority, and " acknowledged and recorded," as therein directed. But this provision is certainly not exclusive in its terms, nor can it be in its construction ; for the same chapter goes on to provide, that a deed not acknowledged may be proved, and, when proved, may be recorded, and shall have the same effect as if acknowledged.

The 28th section is relied upon by the tenant's counsel : " No conveyance shall be valid and effectual against any person other than the grantor and his heirs and devisees, and

persons having actual notice thereof, unless it is made by a deed recorded." Here the implication is clear, that a deed not recorded is valid against the grantor. But the argument is, that as this clause omits the word "acknowledged," a deed must still be acknowledged, as required in the first section, in order to make it valid against the grantor. This assumes that the mode provided in the first section is exclusive, and in all cases requires acknowledgment, as a prerequisite. If the argument were sound, it would prove too much ; because a deed duly executed and delivered, and attested by witnesses capable of proving it, would not pass the estate as between grantor and grantee, contrary to the clear intent of the statute. No ; it appears to us, that the revised statutes do not alter the law in this respect. By the former *St.* of 1783, *c.* 37, and the decisions under it, the law was, that by the execution and delivery of a deed, the estate passed, as between grantor and grantee, and the grantee became seized. But to give it full effect, as against purchasers and creditors of the grantor, recording was necessary ; and as a prerequisite to recording, acknowledgment, or proof by one or more subscribing witnesses, was necessary. Actual recording, without one of these prerequisites, would not give effect to the deed. *Pidge* v. *Tyler*, 4 Mass. 541. *Blood* v. *Blood*, 23 Pick. 80.

When, therefore, the Rev. Sts. *c.* 59, § 28, provide that the deed shall not be valid against any other person than the grantor, &c. unless *recorded*, inasmuch as it cannot be recorded unless acknowledged or proved, one of these prerequisites is necessarily implied in the term "recorded ; " and according to the well known rule, on which the revised statutes were framed, of omitting unnecessary and superfluous words, what is necessarily implied is omitted. The clause, then, is to be read as if it stood thus : "No conveyance shall be valid against any person other than the grantor, &c. unless by a deed [acknowledged by one or more of the grantors, or proved by one or more subscribing witnesses, and] recorded as provided in this chapter."

The only material alteration of the law, made by the

revised statutes, we think, was, to give the sanction of positive enactment to the rule which had before been adopted by judicial decisions; which was, that a deed not recorded should be valid against a person having actual notice thereof. This had been so decided, on the ground that a person taking a subsequent deed, with notice of a prior unrecorded deed, with a view to get a priority, would commit a fraud on the grantee, which the law would not permit. Effect is given to this equitable principle by the new provision of the revised statutes. But this fortifies the construction, which we have put upon this clause; for, by any other construction, a person having actual notice of a prior unrecorded deed, if that deed were not acknowledged, would hold the estate against the prior grantee.

4. One other point was raised at the argument, (not appearing upon the report,) under these circumstances : The counsel for the tenant, after the close of the charge, requested the judge to charge the jury, that if the deed relied upon by the demandant, and testified of by Porter, was not attested by one or more witnesses, though in other respects good, it would not be valid to pass the land. This the judge declined to do, on the ground that the request was made too late; that the question of fact had not been made and submitted to the jury upon the evidence whether the deed was attested or not; and therefore there was no state of facts which rendered such direction necessary. This, it appears to us, was a sufficient reason why the direction should not be then given. If it was intended to rely upon that point as a substantive ground of defence, it ought to have been taken seasonably before the jury, so as to apprise the adverse counsel of it, and so that the evidence bearing on the fact could be distinctly presented to the jury, with the rule of law applicable to it.

But the matter being now brought before the court by petition, setting forth that there was evidence proper for the consideration of the jury, and for them to decide that the deed was not attested, and that the counsel for the tenant intended to raise that question; and as the court have authority, upon

proper terms, to grant a new trial *for any cause,* the court were disposed, if this point would have been decisive, to consider it in this stage, and, for that purpose, to take the testimony of one of the counsel on each side, in regard to what took place at the trial. From their testimony, aided by minutes taken at the trial, we are satisfied that there was evidence proper for the consideration of a jury, and upon which they might have found, that the unrecorded deed was not attested, and that it was intended to be made a distinct point by the counsel for the tenant, but that it was not distinctly made to the jury, till after the close of the argument and of the charge.

This opens the question, whether, if the jury had found that the deed was not attested by one or more witnesses, they ought to have found for the tenant; and this question has been now argued in connexion with those before stated. This point, we think, depends upon the rules of the common law in regard to what is necessary to constitute a sealed instrument, so as to make it the deed of the party. It was argued that several sections of the statute cited, imply that the deed has one or more subscribing witnesses. Rev. Sts. c. 59, §§ 14—21. But all these clauses apply to a deed to be proved, a certificate of which proof is a substitute for acknowledgment, to authorize it to be recorded, and thus give it complete effect against all the world. This leaves the question quite open, what constitutes a deed at common law, the execution and delivery of which shall be good against the grantor and his heirs and devisees, and persons having actual notice thereof. To such a deed, we think, by the common law, the attestation of a witness is not necessary. When it is signed, sealed, and delivered by the party, as his deed, it takes effect as such. In an early case in Massachusetts, (*Perkins* v. *Parker,* 1 Mass. 124,) it was stated by Mr. Justice Sewall, a judge, whose deliberate opinions would be entitled to the highest respect, that "a sealed instrument must be executed before witnesses, or at least one witness." But it was a suggestion apparently made at the moment,

without reference to authorities; an *obiter dictum*, not confirmed or assented to by the other judges.

The rule seems to be well settled by authority, that an attesting witness is not necessary to a deed. A deed is a writing signed, sealed, and delivered. Co. Lit. 35 *b.* Finch, 108. Witnesses are not essential to a deed. Com. Dig. Fait, B. 4. Subscribing witnesses are not necessary to the validity of a deed. 3 Dane Ab. 354. 4 Kent Com. (3d ed.) 451. *Long* v. *Ramsay,* 1 S. & R. 72. Cruise's Digest, tit 32, *c.* 2, § 60. *Garrett* v. *Lister,* 1 Lev. 25. 7 Petersd. Ab. 664, 665. In cases where there are no subscribing witnesses to a deed, the execution may be proved by proving the handwriting of the party. *Swire* v. *Bell,* 5 T. R. 371. 1 Phil. Ev. Part II. *c.* 8, § 1. If, however, a deed purports to be executed in presence of attesting witnesses, then, by a general rule applicable to deeds and all other written instruments, the attesting witnesses must be called, or their absence accounted for. When there are none, the deed is proved by proving the hand of the party. Roscoe on Ev. 64, 65. 1 Stark. Ev. 330. It is stated in many works, that the clause *hiis testibus* was inserted by the scrivener, who put down, in his own hand, the names of the persons present at the signing and sealing. Co. Lit. 6 *a.* 2 Bl. Com. 307. 1 Stephen's Com. 459, 460.

The court are therefore of opinion, that attestation is not of the essence of a deed, at common law, and that, when not required by the terms of the constitution of a power, or by special legislation, a deed is valid, without attesting witnesses. At the same time, it is proper to add, that as the attestation of witnesses affords such an easy and effectual mode of proof as may enable a grantee to supply the want of acknowledgment, and obtain the registration of his deed, where acknowledgment is wanting, and adds greatly to the credit of a deed, every conveyancer of common prudence, and every grantee in the exercise of due care, will perceive the propriety of having a deed duly attested by witnesses.

*Judgment on the verdict.*