# GIMON vs. DAVIS.

[REAL ACTION IN NATURE OF EJECTMENT.]

| 36 | 589 |
| 98 | 545 |

| 36 | 589 |
| 131 | 601 |

| 36 | 589 |
| 132 | 606 |

1. *Destruction of deed.*—The destruction of a deed, by or with the consent of the grantee, does not re-invest the grantor with the legal title to the premises conveyed.

2. *Estoppel en pais.*—An estoppel resting in parol can have no effect, at law, upon the title to land.

3. *Constructive notice of mortgage and unregistered deed.*—The registration of a mortgage is constructive notice only to those who hold under the mortgagor, (correcting *dictum* in *Center v. P. & M. Bank*, 22 Ala. 743;) but, if the mortgagor, having voluntarily destroyed an unregistered deed to himself, and procured the execution of a deed by his vendor to a trustee for his wife, joins with his wife and the trustee in a conveyance to a purchaser, the registration of the mortgage charges the purchaser with constructive notice of such unregistered deed, and he cannot successfully defend an action at law by one claiming under a subsequent purchase at execution sale against the mortgagor.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Dominique Gimon, against Isaac S. Davis, to recover a city lot in Mobile, which was particularly described in the complaint. The only plea was, not guilty. The plaintiff derived title under a purchase at sheriff's sale, under execution against John Ives, and a sheriff's deed dated the 2d April, 1855; while the defendant claimed under a deed from Thomas Condon, as trustee for the wife of said Ives and her children, and said Ives and wife, dated the 20th March, 1856. It appeared on the trial, as the bill of exceptions shows, that the lot in controversy once belonged to Price Williams, who, on the 15th September, 1854, sold and conveyed it to said John Ives; taking his notes for the purchase-money, with a mortgage on the lot to secure their payment. This mortgage, which was in the usual form, was duly recorded; but the deed from Williams to Ives never was recorded. Williams, who was introduced as a witness by the plaintiff, testified, "that about the 12th December, 1854, according to his best recollection, said Ives came to him, and said, that he was unable to pay the purchase-money for said lot, but had a friend, one Thomas Condon, who would pay it, and requested witness to make a deed to said Condon, in trust for his (Ives') wife, and that he would surrender or destroy his deed; that he (witness) consented to do this, and went with said Ives down to the premises, where they found Condon and Mrs. Ives; that the money was there paid to him, either by Condon, Ives, or Ives' wife, and his deed to Ives was thereupon torn to pieces and destroyed, either by Ives himself, or by witness at his instance, he could not remember which; and that he then made a deed to said Condon, as trustee for Mrs. Ives and her children, and dated it as of the 15th September, 1854."

"The court charged the jury, among other things, that if the deed from Williams to Ives was never recorded, and was intentionally destroyed by Ives, or at his instance, with a view of having a conveyance made to another party; and if Williams afterwards made a conveyance to Condon, at the instance of Ives, in trust for Ives' wife,— then Ives would be estopped from gainsaying Condon's

Gimon v. Davis.

title; and if the land was afterwards sold under execution against Ives, the purchaser at the sale would occupy no better position than Ives; and that a title thus acquired could not, at law, prevail against the title of the defendant, if he purchased Condon's title without notice of the circumstances under which Williams' deed to Ives had been destroyed."

This charge, with other matters to which exceptions were reserved by the plaintiff, is now assigned as error.

L. L. LUDE, for appellant.

A. J. WALKER, C. J.—Williams, by deed, conveyed the land in controversy to Ives, and took a mortgage of the land conveyed, to secure the payment of the purchase-money. The mortgage was recorded, but the deed was not. Subsequently, the deed was destroyed; the purchase-money was paid; and Williams, with the consent of Ives, conveyed to Condon, as a trustee for the wife of Ives and her children. After this conveyance to Condon, the land was sold under execution against Ives, and purchased by Gimon, the plaintiff, who took the sheriff's deed, and had it recorded. Subsequently, Condon, having a power of sale conferred upon him by the deed of trust, conveyed to the defendant, Davis, and Ives and his wife joined in the conveyance.

[1-2.] The destruction of the deed from Williams to Ives did not re-invest Williams with the legal title.—King v. Crocheron, 14 Ala. 822; Mallory v. Stodder, 6 Ala. 801. An estoppel resting in parol can have no effect upon the title to land, in a trial at law. We may, therefore, exclude from our view, in the investigation of the material question of title, the matter of the destruction of the deed, and also of the supposed estoppel, which seem to have been discussed in the court below.

[3] Did Gimon, the plaintiff, claiming under the prior unregistered deed from Williams to Ives, and a sheriff's sale of the land as the property of Ives, have a better title than Davis, who claimed under the deed of Williams to Condon as trustee, and the deed of Condon and Ives and

the wife of Ives? Gimon's title, derived from Williams, was older than that of Davis, and better, unless Gimon is postponed to Davis, on account of the want of registration of Williams' deed to Ives, under which he claimed. Our statute declares an unregistered deed void, as against a subsequent purchaser for valuable consideration without notice.—Code, § 1287. Under this statute, Davis, holding under the later deed of Williams, has a better title than Gimon, holding under the prior unregistered deed, if Davis is a purchaser for valuable consideration without notice. Davis is, in the eye of the law, affected with notice of the conveyance of Williams to Ives, under which Gimon claims. He is affected with such notice, because Ives joined with his wife and Condon in the conveyance to Davis, and was, therefore, a grantor of Davis; and being such grantor, Davis is bound to take notice of the registered mortgage of Ives to Williams, and the notice of the mortgage to Williams was sufficient to put him upon inquiry, and lead him to a knowledge of the deed from Williams to Ives.

It is admitted, that if Davis did not hold under Ives and if Ives were entirely outside of his chain of title, he would not be affected with notice of the mortgage; for the registration of a mortgage is, as we think, notice only to those who hold under the mortgagor. —Pierce v. Taylor, 23 Maine, 246; Veazie v. Parker, ib. 178; Roberts v. Bourne, ib. 165; Fenno v. Sayre & Converse, 3 Ala. 458, 472; Whitington v. Wright, 9 Geo. 23; Stuyvessant v. Hall, 2 Barb. Ch. 151, 157; N. Y. Life Ins. & Trust Co. v. Smith, ib. 82; Raynor v. Wilson, 6 Hill, 469; Lieby v. Wolf, 10 Ohio, 83; Halstead v. Bk. of Kentucky, 4 J. J. Mar. 558; Murray v. Ballou, 1 Johns. Ch. 566; Bates v. Norcross, 14 Pick. 224, 231; Felton v. Pitman, 14 Geo. 53.

In the case of Center v. P. & M. Bank, (22 Ala. 743,) there is an unguarded remark, not at all necessary in the decision of the case, which would seem to convey the idea, that one purchasing from a mortgagee would be deemed to have notice of the mortgage, if registered, because it would be his duty to examine the books of registration for such mortgage. But the obvious purpose of the regis-

tration laws, as indicated in the decisions above cited, is to protect innocent purchasers and creditors without notice, by preventing prejudice to them from prior unrecorded conveyances, made by those under whom they claim; and they are only required to examine the books of registration for conveyances by those under whom they claim. If Davis, therefore, traced his title from Williams through Condon and the wife of Ives alone, he would not be affected with notice of the mortgage of Ives to Williams. But he holds by a direct conveyance, in which Ives is one of the grantors; and he must be regarded as having notice of the registered mortgage by his grantor to Williams.—See the cases above cited; also, Reed v. Smith, 14 Ala. 380. The mortgage given by Ives to Williams, and accepted by the latter, was sufficient to put Davis upon inquiry as to the title of Ives; and he must be deemed to have had notice of the deed from Williams to Ives.—Drapers' Co. v. Yardley, 2 Ver. 662; 2 Sug. on Ven. 559; 1 Story's Eq. Ju. § 400. Davis, being a purchaser with notice of Williams' prior conveyance to Ives, must be postponed to Gimon, as a claimant of title under Williams.

If we contrast the merits of their titles as derived from, and traced back no further than to Ives, we find Gimon's title still sustained. Gimon's deed from the sheriff, who sold the land as the property of Ives, was made, and duly recorded, before the deed from Ives and his wife and Condon to Davis was executed.

It is unnecessary for us to consider any other question in the case. Upon the case made by the bill of exceptions, the court should have charged the jury, that if they believed the evidence, they should find for the plaintiff.

Judgment reversed, and cause remanded.