# Creel *v.* Keith.

*Ejectment.*

(Decided June 30, 1906.  41 So. Rep. 780.)

1. *Depositions; Objection on Trial.*—Where no objections were entered to the interrogatories, and the answers of the witness are responsive to the questions, objections to the answers and motions to exclude them come too late when not made until trial.

2. *Vendor and Purchaser; Bona Fide Purchaser; Notice.*—M. had no recorded title, but joined in a deed executed by J. to P. which, together with the constructive notice furnished by a recorded mortgage from M. to F. on the same land, was sufficient to put the grantee of P. upon inquiry which would lead to knowledge of the unrecorded deed executed by J. to M. on the land; and a subsequent purchaser of the grantee, in whose chain of title was such deed, is charged with the same notice.

APPEAL from Geneva Circuit Court.

Heard before HON. H. A. PEARCE.

Action by James S. Keith against Aaron H. Creel. Judgment for plaintiff. Defendant appeals.

This was a statutory real action in the nature of ejectment to recover a certain 40 acres of land named therein. The plaintiff under the statute propounded interrogatories to the defendant, which interrogatories were answered, and in which defendant set up its chain of title. Interrogatories were also propounded to one Ward, a justice of the peace, who was supposed to have written and acknowledged a deed from Margaret Jenkins to M. J. Jenkins, touching his knowledge of said deed and the contents thereof. No objection was interposed to the question in the interrogatory, but objections were interposed by the defendant to the answers to the interrogatory being read in evidence. It was shown by the testimony that Margaret Jenkins was the original owner of the land, and that she had Ward pre-

pare a deed or paper conveying the land to M. J. Jenkins, which she signed and acknowledged, but did not delived to M. J. Jenkins. It was further shown that the paper was lost, or rather that no one knew where it was. Plaintiff claimed through a mortgage made by M. J. Jenkins and wife on this land to J. R. Faircloth, a deed from Faircloth and wife to Kirkland, and a deed from Kirkland to plaintiff. Defendant claimed through deeds from Margaret Jenkins to Forester and from Forester to Pilcher, a deed from Margaret Jenkins and M. J. Jenkins to Pilcher, and a deed from Pilcher and wife to Forester and from Forester to defendant. The evidence further tended to show that Margaret Jenkins and Moses Jenkins owed Pilcher a sum of money, to secure $100 of which they made Pilcher a mortgage, and in satisfaction of the mortgage executed to him a deed. The evidence further tended to show that M. J. Jenkins (agreed to be the same as Moses), procured the deed executed to him by Margaret Jenkins, carried it to Faircloth, and on the face of the deed secured a loan of money from Faircloth, securing it by mortgage on this land. Faircloth's mortgage was recorded. The deed from Margaret Jenkins to M. J. Jenkins was not recorded. There was a conflict in the evidence as to a delivery of the deed from Margaret Jenkins to M. J. Jenkins, but the evidence tended to show that M. J. Jenkins had such a deed, and showed it to Faircloth and others at the time he obtained money from Faircloth. There was demand made upon the defendant for the production of the deed, and also a demand upon M. J. Jenkins for a production of the deed. The deed was not produced, and every witness who was supposed to have any knowledge of it stated they did not know where the deed was. In answer to his interrogatory, Ward set out the contents of the deed and the acknowledgment. At the conclusion of the testimony the defendant requested the court to give the general affirmative charge. This the court declined to do. There was verdict and judgment for plaintiff, and the defendant appeals.

ESPY & FARMER, for appellant.—The court erred in permitting proof to be made of the contents of the deed

[Creel v. Keith.]

or paper writing made by Margaret Jenkins to Moses Jenkins.—*McArthur v. Phoenix Ins. Co.*, 116 Ala. 659; *O'Neal v. McKinnon*, 116 Ala. 607; *Boulden v. The State*, 102 Ala. 87; *Echols v. Hubbard*, 90 Ala. 314; *Potts v. Coleman*, 86 Ala. 94. Sec. 992 of the code 1896 is not broad enough to cover a case like this. The evidence is without conflict that Forrester, from whom appellant purchased the land, was a bona fide purchaser for value without notice. On this theory the affirmative charge should have been given.—*Faulk v. Millikin*, 111 Ala. 658; *Lockwood v. Tate*, 96 Ala. 353; *Martinez v. Lindsey*, 91 Ala. 334; *Horton v. Smith*, 8 Ala. 73. The case of *Gimon v. Davis*, 36 Ala. 589, is distinguished from the one at bar.

W. O. MULKEY, for appellee.—A party who fails to object to a question calling for illegal testimony cannot afterwards move to exclude the answer, if it be responsive to the question; and this is as applicable to testimony taken by depositions as ore tenus.—*Insurance Co. v. Tillis*, 110 Ala. 201; *Bailey v. Railroad Co.*, 112 Ala. 177; *McCalmon's Case*, 96 Ala. 98; *Billingsley's Case*, Ib. 126; *Hudson v. The State*, 137 Ala. 64; *Downey v. The State*, 115 Ala. 108; *Curtis v. Parker*, 136 Ala. 224. Under the authority of *Gimon v. Davis*, 36 Ala. 589, Pilcher and those claiming under him had notice of the unregistered deed from Margret to Moses Jenkins and they cannot defend on the theory that they are bona fide purchasers for value without notice.

DOWDELL, J.—There was no error committed by the court in overruling the objections of the appellant, the defendant in the court below, to certain parts of the deposition of the witness Ward. This evidence was responsive to the interrogatories propounded to said witness and no objections were made to the questions. The objections to the answers and the motions to exclude, therefore, came too late.—*Insurance Co. v. Tillis*, 110 Ala. 201, 17 South. 672; *R. R. Co. v. Bailey*, 112 Ala. 177, 20 South. 313; *Curtis v. Parker*, 136 Ala. 224, 33 South. 935.

Both parties derived title through Margaret Jenkins and M. J. Jenkins. The fact that M. J. Jenkins joined

as a grantor with Margaret Jenkins in their deed to Pilcher, under the authority of *Gimon v. Davis*, 36 Ala. 589, was sufficient to put the grantee upon inquiry as to M. J. Jenkins, and to furnish constructive notice of the mortgage from said M. J. Jenkins to Faircloth, which said mortgage was duly recorded. Notice of the recorded mortgage to Faircloth was sufficient to lead up to knowledge of the unrecorded deed from Margaret Jenkins to M. J. Jenkins, if inquiry had been instituted. Notice that will lead to knowledge on inquiry is in law in such cases equivalent to knowledge. The deed from Margaret Jenkins and M. J. Jenkins to Pilcher was in defendant's chain of title. Consequently he had the same state of facts to put him upon notice and inquiry that Pilcher had by M. J. Jenkins joining as a grantor with Margaret Jenkins in the deed to him, Pilcher.

There was no error committed in refusing to give the general affirmative charge requested by the defendant. The judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.