# Brannan *v.* Marshall.

### *Bill to Establish Priority of Mortgage and For Foreclosure.*

(Decided November 2, 1913.   63 South. 1007.)

*Vendor and Purchaser; Stranger to Title; Record; Constructive Notice.*—Where one purchases from a record owner, and simultaneously takes a quit claim deed from a brother of such owner just to be safe on account of the relationship, such person is charged with constructive notice of a recorded mortgage executed by such brother, and must make reasonable inquiry as to his interest, since legally, the purchaser is holding under both of his grantors.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by John B. Marshall against L. I. Brannan. Decree for plaintiff, and defendant appeals. Affirmed.

The agreed statement of facts shows the following: Eliza Kiernan was the owner of the land in suit. She conveyed it by warranty deed to Francis Kiernan on November 26, 1910, and he mortgaged it to complainant for value on December 29, 1910. This mortgage was filed for record on January 18, 1911; but the deed from Eliza Kiernan to the mortgagor was not filed for record until July 12, 1911. On July 11, 1911, Eliza Kiernan conveyed this land by warranty deed for value to the respondent Brannan, who in turn mortgaged it to respondent Cowan for value on February 6, 1912. After Brannan had contracted for the purchase of the land from Eliza Kiernan, and after his attorney had examined the deed record, and found her title perfect thereto, and the deed had been drafted, Brannan's attorney requested said Francis Kiernan, who was the brother of Eliza, and also her agent and representative in the sale of the land to Brannan, that he make to

Brannan a quitclaim deed to the land. To this he assented, and, at the same moment when he delivered to them Eliza's deed duly executed, he delivered to them also his own deed quitclaiming, releasing, and conveying the land to Brannan; the consideration being $1, and the consideration paid to Eliza being $300. Neither Brannan nor his attorneys had any actual knowledge or notice of the mortgage given by Francis Kiernan to complainant, nor that either of them owned or claimed any interest in the land. In his answer Brannan admits that, through his attorneys, he secured the quitclaim deed from Francis Kiernan, with the explanation that it was merely for the purpose of estopping him from subsequently claiming the land by virture of his relationship to Eliza Kiernan. The chancellor decreed that the facts showed constructive notice to Brannan and Cowan of complainant's mortgage, and that they were not entitled to protection against it as innocent purchasers, and decreed the relief prayed for.

GORDON & EDDINGTON, for appellant. The facts stated would not constitute constructive notice to any purchaser even though said mortgage was of record.—*T. C. I. & R. R. Co. v. Gardner,* 131 Ala. 601; *Johnson v. Wilson,* 137 Ala. 468; *Grimmer v. Nolan,* 146 Ala. 466; *Fenner v. Sayre,* 3 Ala. 458. A purchaser is not bound to inquire into collateral circumstances, but is bound with notice of everything that appears on the face of the deed in the chain of his title.—*Burch v. Carter,* 44 Ala. 115; *State v. Connor,* 69 Ala. 212. *Garren v. Fields,* 30 South. 775, does not touch the question at issue.

D. B. COBBS, for appellee. Appellant cannot be an innocent purchaser without notice for he took his quitclaim deed from the grantee of his grantee, and our

mortgagor at the same time he took his warranty deed from the mortgagor's sister, our mortgage being already on record.—*Davis v. Gimon,* 36 Ala. 489; *Perdue's Case,* 79 Ala. 480. If Brannan was an innocent purchaser, so was Marshall.—*Alston v. Marshall,* 112 Ala. 641; *Craft v. Russell,* 67 Ala. 12.

SOMERVILLE, J.—It is well settled by numerous decisions in this state that the registration of a conveyance executed by one who is a stranger to the title as it is shown by the records—that is, by a grantor who does not appear in the chain of recorded conveyances, or other title records, as one who has acquired an interest in the land in question—is not constructive notice to a subsequent purchaser in the regular chain of title.—*Fenno v. Sayre,* 3 Ala. 458; *Gimon v. Davis,* 36 Ala. 589; *Scotch Lumber Co. v. Sage,* 132 Ala. 598, 32 South. 607, 90 Am. St. Rep. 932; *Tenn. C., I. & R. Co. v. Gardner,* 131 Ala. 599, 32 South. 622.

It is, however, also settled that one who purchases from a stranger to the record title is charged with constructive notice of all registered conveyances executed by his grantor to other persons, which purport to affect the title; and, further, that the grantee's knowledge of such conveyances is sufficient to suggest title or claim of title in the grantor, and hence to demand a reasonable inquiry with respect thereto.

This doctrine has been applied where a purchaser under an unregistered deed afterwards procured his grantor to execute a new deed to a trustee in trust for his wife, which was registered, and the title of the plaintiff, claiming under an execution sale against the husband, was held superior to the title of one who subsequently purchased by a deed from the trustee, in which the wife and husband joined as joint grantors.—*Gimon*

*v. Davis,* 36 Ala. 589. It was stated in that case that, if the defendant had not held under the husband, and if the husband had been entirely outside of the plaintiff's chain of title, the result would have been different.

The rule of *Gimon v. Davis* was reaffirmed and applied in a later case where the same constructive notice was imputed to a remote grantee in the regular chain of record title—an apparent stranger to the title, though in fact the owner, having joined in one of the antecedent conveyances with the apparent record owner.—*Creel v. Keith,* 148 Ala. 233, 41 South. 780.

In *Scotch Lumber Co. v. Sage,* 132 Ala. 598, 606, 32 South. 607, 90 Am. St. Rep. 932, the application of the doctrine was denied, on the ground that the claimant under the record title was not in privity with the unregistered owner, who was not a grantor in his chain of title, and that he was not claiming under the latter.

The question to be determined in the present case is whether the facts that Brannan—who purchased from Eliza Kierman an apparently perfect record title, and simultaneously purchased also from Francis Kiernan by a quitclaim deed—took *separate* deeds, delivered at the same instant of time, differentiates this case in principle from *Gimon v. Davis* and *Creel v. Keith,* where the stranger to the record title joined in the same deed with the apparent owner.

Appellant insists that it is thereby differentiated, and that the rule of those cases does not apply, because Brannan's purchase from Francis Kierman was merely collateral and incidental to the real purchase from Eliza, and was but a precautionary afterthought; that Francis was not supposed to have any title to release or convey; that he is not in Brannan's chain of *title;* and that, on the face of the transaction, it is clear that Brannan never *claimed title nor held* under Francis,

but entirely under Eliza, who alone appeared to have any title.

It is obviously not necessary that the stranger grantor should be one of an unbroken series of grantors and grantees, for this would deny the rule in all cases to which it could apply; and it is also obvious, we think, that one who contemporaneously procures whatever number of conveyances, from whatever number of grantors, and takes possession of the land conveyed, is in law "claiming and holding" under each and all of them —however he may differ in his estimation of the value and effect of his several deeds.

The use of the terms in this connection imports no more than the privity of estate that technically results from the relation of grantor and grantee in a deed of conveyance, *prior to or contemporaneously with* the acquisition of the title of the record owner, and this seems to be the essential basis for our decisions in the cases referred to.

Appellant's case as presented by the record is a hard one; but we are unable to distinguish it in principle from the *Gimon* and *Creel Cases, supra*, and by those cases our decision must be controlled.

It results that the decree must be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.